(79 South. 523)

No. 23069.

CONROY v. PINE BELT OIL CO.

In re CONROY.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

MECHANICS' LIENS ☞7—MECHANIC'S PRIVILEGE — IMMOVABLES — IMPLIED REPEAL OF STATUTE.

Act No. 229 of 1916, giving a privilege to mechanics, builders, artisans, workmen, laborers, etc., who shall do any work on or furnish materials for any building, etc., does not repeal by implication Civ. Code, art. 3249, specifying creditors who have privilege on immovables.

Certiorari to the Court of Appeal, Parish of Caddo.

Action by L. C. Conroy against the Pine Belt Oil Company, resulting in judgment in part for plaintiff, which was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgments of the trial court and of the Court of Appeal set aside in part, otherwise affirmed, with decree for plaintiff as originally prayed for.

James E. Smitherman, of Shreveport, for applicant. Kay & Plauche, of De Ridder, and J. S. Atkinson, of Shreveport, for respondent.

PROVOSTY, J. Plaintiff sues for the price of labor and materials in improving defendant's oil well, Murray No. 1, on S. E. ¼ of N. E. ¼ of Sec. 12, T. 20 N., R. 16 W., parish of Caddo, of which land defendant had an oil and mineral lease. The trial court and the Court of Appeal gave him a moneyed judgment. For the security of the payment of said debt, plaintiff claimed the privilege provided for by article 3248 of the Code. This the said two courts denied him; and also rejected his claim for four months' salary.

We agree that the contract for said salary was not proved; but we think the privilege ought to have been allowed.

The said article 3249 of the Civil Code reads in part as follows:

"Creditors who have a privilege on immovables, are:

"2. Architects, undertakers, bricklayers, painters, master builders, contractors, subcontractors, journeymen, laborers, cartmen and other workmen employed in constructing, rebuilding or repairing houses, buildings, or making other works.

"3. Those who have supplied the owner or other persons employed by the owner, his agent or subcontractor, with materials of any kind for the construction or repair of an edifice or other work, when such materials have been used in the erection or repair of such houses or other works.

"The above-named parties shall have a lien and privilege upon the building, improvements or other work erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided, that such lot of ground belongs to the persons having such building, improvement or other work erected; if such building, improvement or other work is caused to be erected by a lessee of the lot of ground, in that case the privilege shall exist only against the lease and shall not affect the owner."

Our brethren below thought that the entire subject-matter of this article was covered by Act 229, p. 494, of 1916, and that therefore this later legislation superseded and repealed the article. The rule with respect to implied repeal resulting from the whole subject-matter being covered by the supposedly repealing legislation is stated in 36 Cyc. 1077, as follows:

"When two statutes cover, in whole or in part the same subject-matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both. Where, however, a later act covers the whole subject of earlier acts and embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then consid-

ered by the Legislature, and to prescribe the only rules with respect thereto, it operates as a repeal of all former statutes relating to such subject-matter, even if the former acts are not in all respects repugnant to the new act. But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole subject-matter of the former one, and was intended as a substitute for it. If the latter statute does not cover the entire field of the first and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope, but the two will be construed together, so far as the first still stands."

### Said Act 229 reads:

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that any mechanic, builder, artisan, workman or laborer or other person, who shall do or perform any work or labor upon or furnish any materials, machinery or fixtures for any building, erection or improvements upon land, including contractors, subcontractors, materials, furnishers, mechanics and laborers, under or by virtue of any contract written or verbal, with the owner of any tract, parcel or piece of land, or with the trustee, or agent of such owner, upon complying with the provisions of this act, shall have for his work or labor performed or materials, machinery or fixtures furnished, a privilege upon such building, erection or improvements and upon the land belonging to such owner or proprietor on which the same is situated, and upon the proceeds or balance of the contract price in the hands of the owner, due or to become due to the contractor, to secure the payment of such work or labor performed, or materials, machinery or fixtures furnished. Such privilege shall be preferred to all other privileges or incumbrances which may attach to or upon the said building, erection or improvement and upon the said land, or either of them, and upon the proceeds or balance of the contract price in the hands of the owner, due or to become due to the contractor.

"Sec. 2. Be it further enacted, etc., that any person claiming a privilege as aforesaid shall file in the office of the recorder of mortgages of the parish in which the land is situated, a statement setting forth the amount claimed and the items thereof as nearly as practicable, the name of the owner, name of the contractor, name of the claimant, and the description of the property subject to the privilege, verified by affidavit. Such statement must be filed within forty-five (45) days after the acceptance of the work by the owner of the land on which work was done or his trustee or agent.

"Sec. 3. Be it further enacted, etc., that any person who shall furnish any such material or perform any such labor under a subcontract with the contractor, or as an artisan, or day-laborer in the employ of such contractor may obtain a privilege upon such lands, and upon the proceeds or balance of the contract price in the hands of the owner, due or to become due to the contractor, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; and any artisan or day-laborer in the employ of such subcontractor may obtain a privilege upon such land and upon the proceeds or balance of the contract price in the hands of the owner, due or to become due to the contractor, from the same time, in the same manner, and to the same extent as the subcontractor, for the amount due him for such material and labor, by filing with the recorder of mortgages in the parish in which the land is situated, within the time provided in section two of this act, a statement verified by affidavit setting forth the amount due the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the subcontractor, the name of the claimant, and a description of the property on which the privilege is claimed.

"Sec. 4. Be it further enacted, etc., that all claims for privileges and rights of actions to recover thereof, under this act, shall be assignable so as to vest in the assignee all rights and remedies herein given subject to all defenses thereto that might be made if such assignment had not been made. Such assignment must be made by separate instrument of writing and such assignment is to have effect only from the date of its recordation in the office of the recorder of mortgages in the parish in which the land is situated.

"Sec. 5. Be it further enacted, etc., that any owner of any land affected by such privileges shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor; but the risks of all payments made to the original contractor shall be upon such owner until the expiration of 45 days after the acceptance of the work by the owner of the land on which the work was done or his trustee or agent, and no owner shall be liable to any action by such subcontractor until after the expiration of said 45 days hereinbefore specified and such owner may pay such subcontractor the amount due him from such contractor for such labor and materials, and the amount so paid shall be held and deemed a payment of said amount to the original contractor.

"Sec. 6. Be it further enacted, etc., that any privilege provided for by this act may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of recordation of the privilege in the office of the recorder of mortgages, unless renewed in accordance with law.

"Sec. 7. Be it further enacted, etc., that in all cases where the property charged does not sell for enough to satisfy the judgment rendered, with all the cost of the suit, in favor of the claimant, execution may issue upon such judgment in the same manner as an ordinary judg-

ment at law against other property of the defendant contractor.

"Sec. 8. Be it further enacted, etc., that all privileges under the provisions of this act are in full force and effect from and after the time the labor is performed, or material, machinery, or fixtures furnished.

"Sec. 9. Be it further enacted, etc., that the privilege or privileges of all persons named in section one of this act, shall be preferred to all other privileges; and no mortgage, sale transfer with a notice of privilege or privileges as hereinbefore described shall in any way defeat or impair said privilege or privileges; and no real estate shall be exempt from sale under an execution on such privilege or privileges.

"Sec. 10. Be it further enacted, etc., that in all cases where there are several privileges for labor or material furnished on the same land or property, of the same date, or which are equally just, and not enough to satisfy all claims the sale will be made and the cost paid and the money divided pro rata among the several claimants.

"Sec. 11. Be it further enacted, etc., that all laws or parts of laws inconsistent or in conflict herewith are hereby repealed except, however, that this act shall not be construed to repeal or affect the operation of Act 167 of 1912, as amended by an act adopted at this session of the General Assembly."

It will be noted that this act is a piece of legislation not confined to the matter of privilege, as is the case with said article 3249, but of much wider scope; that only the first section of the act touches upon the subject-matter of said article; that its terminology is quite different from that of said article; so much so, indeed, that the person who drafted it could hardly, while doing so, have had said article in his mind, and certainly not under his eye, for while the article uses the words "architects, undertakers, bricklayers, painters, master builders, journeymen, cartmen," and does not use the words "mechanics, artisan, laborer," the act uses the latter words and not the former, not to mention other less striking, although not insignificant, differences in expression. But this we allude to merely in passing; for the true reason why this later legislation cannot be held to have been intended to substitute and repeal the former is that it does not purport to cover the entire field occupied by the former. It provides only for

cases where there has been a contract with the owner of the land, whereas the said article of the Code provides for all cases irrespective of whether the contract was with the owner of the land or any one else, and, where the person contracted with is a lessee, accords a privilege upon this lessee's contract of lease. Because special provisions are made for the case where the contract is with the owner of the land is no reason why prior legislation providing for cases where the contract is not with the owner of the land should be repealed. The one legislation is entirely consistent with the other.

The judgment of the trial court and that of the Court of Appeal are set aside in so far as they refuse to plaintiff a privilege, and are otherwise affirmed; and it is now ordered, adjudged, and decreed that for the amount of his judgment the plaintiff have a privilege upon the lease hereinabove described, and further described in plaintiff's petition, and upon the defendant company's Murray Well No. 1, and all the derricks, machinery, piping, tubing, tanks, storehouses, attachments thereto belonging or composing same, said privilege to rank as provided in article 3249 of the Civil Code, and that the defendant company pay all the costs of this suit.