No.——

First Circuit

---

BROUSSARD v. BROUSSARD
AND
COMEAUX, ET ALS., v. BROUSSARD,
(Consolidated)

---

(February 15, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Prescription—Par. 22, 26, 27, 28.

The possession of the vendor cannot be added to the possession of the vendee in order to make out the thirty years prescription acquirendi causa.

Appeal from the Parish of Lafayette. Hon. W. W. Bailey, Judge.

Action by Andre Broussard against Mrs. Odelia Broussard, widow of Alcee Dupuis and Emithilde Comeax et als. against Mrs. Odelia Broussard, widow of Alcee Dupuis. Consolidated.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Kennedy and Dugas, of Lafayette, attorneys for plaintiff, appellant.

Debaillon and Meaux, of Lafayette, attorneys for defendant, appellee.

·

MOUTON, J.   Andre Broussard brought this suit against defendant, alleging that she had slandered his title to a tract of land of thirty-nine arpents, more or less, situated in Lafayette Parish, bounded North by lands of C. C. Brown or assigns, South by land belonging to Joseph Stemmans and others, East by public road, and West by land of petitioner. He bases his title on the prescription of thirty years under the allegations of his petition, and for more certainty, filed that plea in this Court. He claims damages in the sum of $250.00 for the alleged slander of his title.

A similar suit is filed by Mrs. Emethilde Comeaux, widow of Jules Broussard, for an alleged slander by defendant of the title of a tract of land containing thirty-nine arpents, more or less, situated in Lafayette Parish, bounded North by land of C. C. Brown or assigns, South by lands of Joseph Stemmans and others, East by land of Andre Broussard, and West by land of Alcee Prejean.

The land above referred to containing 64 96/100 acres was patented to Jean Olidon Broussard by the United States Government in 1859. When the patent issued, Josephine Prejean, wife of Jean Olidon Broussard was then living; the land was therefore an acquisition of the community. Jean O. Broussard died in 1865. His succession was never opened.

Plaintiff, Andre Broussard, Jules Broussard, the deceased husband of Mrs. Eme-thilde Comeaux, the other plaintiff, and the defendant in the two suits, Mrs. Odelia Broussard, were, with several other children, his children and forced heirs.   Ten years after the death of Jean Olidon Broussard, Mrs. Josephine Prejean, on the 11th of February, 1875, sold all her rights, title and interest in the tract which had been patented to her husband, unto Andre Broussard and Jules Broussard, her said two sons.

In the sales to Andre and Jules Broussard the 64 96/100 acres which had been originally patented to Jean Olidon Broussard were divided into two tracts of 39 arpents, more or less.   Plaintiffs claim these respective tracts solely on the plea of thirty years prescription.   Under that plea it was incumbent upon them to show open, public, uninterrupted, and continuous possession, and as owners, during that period of time.   C. C. 3500.   As the law permits a party to acquire ownership of an immovable under such a possession, and without a title "it extends only to that which has been actually possessed by the person pleading it."   C. C. 3503, 9 M. 123; Riggs vs. Bell, 39 La. Ann. 1033, 3 So. 183; Harang vs. Golden Ranch Land and Drainage Co., 143 La. 982, 79 So. 768.

It is shown that buildings were erected by Andre Broussard and by Jules, his brother, or the latter's widow, claimant herein, on the tracts which had been deeded to them by the mother of Andre and Jules in February, 1875.   It does not appear that each cultivated the whole tract he had purchased, or how much of the respective tracts had been put under cultivation.   One of the witnesses testified that he was a neighbor of Andre and Jules Broussard, or his widow, for some thirty-five years prior to the institution of these suits, and that the two tracts were under fencing, but he does not fix the time when they were enclosed.

It is therefore doubtful under Article C. C. 3503, and the decisions interpreting that article, if plaintiff has established the possession necessary for the acquisition of property by the prescription of thirty years. Let us say, however, that Andre and Jules Broussard or his widow, took actual possession of the two tracts at the time they bought in February, 1875, and had, as owners, the open and uninterrupted possession of same. This possession did not, however, continue later than 1902, because in that year, by a deed executed between Andre Broussard, and Emithilde Comeaux, widow of Jules Broussard, the other claimant herein, an exchange of the two tracts was made between them. This exchange was therefore, effected twenty-seven years after possession had been taken by plaintiffs, originally. At that time it is obvious they could not as yet have acquired by the prescription of thirty years. The cutting off of the possession they previously exercised had the effect of reviving the possession of defendant, a co-owner in the property as one of the heirs of Jean Olidon Broussard, patentee of the property.

In exchanging tracts the old possession ceased and reverted to the co-owners, and a new possession began from the date of the exchange. From that time, thirty years of actual open and uninterrupted possession would have been essential as a basis for the acquisition of the land under the plea upon which these plaintiffs rely. The change of possession, under the exchange was made in 1902, and these suits were filed in 1925, twenty-seven years thereafter, being short by three years of the prescriptive period of thirty years. We say that no proof was made of actual possession during thirty years because the possession which preceded the exchange and change of possession thereunder, in 1902, could not, under the law, be tacked or joined to the possession subsequent thereto to make or eke out the prescriptible period of thirty years.

In Sibley vs. Pierson, 125 La. Ann. 478, 51 So. 648, the Court held that where a party has taken possession of an adjoining tract of land or having acquired a specific interest in a particular tract and has taken possession of the additional tract or interest, with a view of acquiring ownership by holding possession thereof, he does not convey such possession to a vendee to whom he sells the tract or interest described; and that such vendee cannot add his vendor's possession to his own, there being no privity between him and his vendor in that respect. That decision was affirmed in Conroy vs. Pine Belt Oil Co., 143 L. 982, 79 So. 523.

It is true that in Conroy vs. Pine Belt Oil Co., 143 L. 982, 79 So. 523, the Court quoted the case of Railway Co. vs. LeRosen, 52 La. Ann. 192, 26 South. 854, which has since been overruled in Opdenweyer vs. Brown, 155 La. 614, 99 South. 482. The latter case however, it must be noted, was a suit for the fixing of a boundary and was not one involving the ownership of land claimed by virtue of the prescription of thirty years acquirendi causa. The Court drew a marked distinction in that case between a boundary suit and one for the ownership of property.

In an action for a boundary the Court held that the owner may retain the land beyond his title up to the visible bounds, which may have been established there, and may maintain his possession under the plea of prescription of twenty or thirty years. For that purpose he may join his possession to that of the prior or preceding possessor. Not so, when the land is claimed under the prescription of thirty years. In such a case there must be no break in the possession; if there be, the possession automatically is restored to the

owner, and a new possession begins, and which must be open and continuous during thirty years for the acquisition of title.

Plaintiffs have failed to sustain their plea of prescription and the Court correctly recognized defendant as a co-owner in the land in the proportion stated in the judgment, and also properly decreed that the demand for rents, revenues and reimbursements of taxes should be relegated to future judicial adjustment.