ROBERTSHAW CONTROLS COMPANY,
Plaintiff-Appellant,

v.

PRE–ENGINEERED PRODUCTS, CO.,
INC., et al., Defendants,

Ball-Co Contractors, Inc. and Algernon-
Blair, Inc., Defendants-Appellees.

No. 81–3514
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 5, 1982.

Skeels, Baker, Coleman & Strickland, Donald L. Baker, Shreveport, La., for plaintiff-appellant.

Cook, Clark, Egan, Yancey & King, F. Drake Lee, Jr., Shreveport, La., for Ball-Co & Algernon.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The Louisiana Civil Code, revised in 1870, contains an article granting a privilege on buildings and other works for payment of the sums due workmen and contractors who perform work on the project.[1] The article also provides that the owner shall stop payment to the contractor upon delivery of "an attested account" of any unpaid amounts due workmen and other persons performing work on the job. In 1926, the Louisiana Legislature adopted the Private Works Act, Acts 1926, No. 298, §§ 1–16, now La.Rev. Stat.Ann. §§ 9:4801–4817, creating liens on private construction and providing for their enforcement.[2] The Private Works Act does

---

1. Code article 2743 in the 1825 Civil Code contained two paragraphs creating the privilege, but the "stop monies" provisions were added by Act of 1855, No. 264. *See* La.Civil Code Ann. art. 2772 (West 1952).

A privilege is a civil law security right that arises from the nature of the debt. It is not dependent on possession and in this respect, as well as others, it differs from a lien, a common law security right, which gives a person having claims against another the right to retain the other's property while his claims are satisfied.

2. Act 298 of 1926 was itself superseded by Act No. 724 of 1981, modifying La.Rev.Stat.Ann. §§ 9:4801–9:4842, enacted after the events involved in this case.

not, however, contain any "stop payment" provision. The district court held that, nonetheless, the Code article was repealed by implication. We affirm this interpretation of state law by an experienced judge sitting in that state.[3]

The U.S. Army contracted with Algernon-Blair to build barracks on an army reservation in Vernon Parish, Louisiana. Algernon-Blair subcontracted with Ball-Co Contractors to do part of the work. Ball-Co in turn contracted with Pre-Engineered Products to perform part of its contract. Robertshaw Controls Co., the plaintiff in this action, supplied materials to Pre-Engineered Products. Unpaid, Robertshaw served an attested statement of account on Pre-Engineered Products, Ball-Co, and Algernon-Blair. The district court entered a default judgment against Pre-Engineered Products for the contested amount. Robertshaw and the remaining defendants proceeded to trial on the issue of whether Algernon-Blair and Ball-Co are also liable for this debt for failure to withhold the amount due Robertshaw from payments to Pre-Engineered Products or its surety after receiving notice from Robertshaw that Pre-Engineered Products had not paid for the materials. Because Robertshaw was a supplier to a sub-subcontractor, the district court ruled that it is not entitled to invoke the Miller Act. 40 U.S.C. § 270a *et seq.* Robertshaw does not appeal this ruling, but resorts to article 2772.

The Private Works Act is not inherently inconsistent with article 2772. The two provisions might be construed together, so as to give a subcontractor a right to invoke the stop-monies remedy provided in the Civil Code in addition to the later-provided lien, available by proceeding in a different fashion. The issue is not whether the two provisions are wholly incompatible but whether the Private Works Act was intended as a complete substitute for the earlier remedy. Robertshaw points to a statute predating the Private Works Act relating to liens on building projects, Acts of 1906, No.

134, that was held not to have repealed article 2772, but to be "merely supplementary" to it. *Daniel v. Vasquez*, 9 Orleans App. 300, 303 (1912). *See also Vordenbaumen v. Bartlett*, 105 La. 752, 30 So. 219 (1901), relating to Acts of 1894, No. 180.

Section 16 of the 1926 Act, however, provides:

> the manner and method of creating and preserving liens and privileges created and specified in this Act shall be *exclusive* and all laws and parts of laws inconsistent with the provisions of this act, *as well as laws or parts of laws on the same subject matter, including all provisions of the Revised Civil Code of Louisiana inconsistent herewith, be and the same are hereby repealed.*

(Emphasis supplied).

The parties both rely upon *Conroy v. Pine Belt Oil Co.*, 143 La. 879, 79 So. 523 (1918), *quoting* 36 Cyc. 1077 (n. d.), as stating the principles applicable in determining whether article 2772 was impliedly repealed by the 1926 act:

> When two statutes cover, in whole or in part the same subject-matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both. Where, however, a later act covers the whole subject of earlier acts and embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the Legislature, and to prescribe the only rules with respect thereto, it operates as a repeal of all former statutes relating to such subject-matter, *even if the former acts are not in all respects repugnant to the new act. But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole subject-matter of the former one, and was intended as a substitute for it.* If the latter statute does not cover the entire field of the first and fails to embrace within its terms a material portion of the first, it

---

**3.** This disposition makes it unnecessary for us to consider whether the plaintiff had in fact complied with article 2772 or whether that article applies to a contractor on a federal project.

will not repeal so much of the first as is not included within its scope, but the two will be construed together, so far as the first still stands.

(Emphasis supplied). *Accord, Wood v. Bateman,* 149 La. 290, 291, 88 So. 824, 825 (1921) (the court held that the act in question was obviously meant to cover the whole subject-matter with which it deals and supersedes all prior legislation pertaining thereto). *Cf. Bank of Lecompte v. Lecompte Cotton Oil Co.,* 125 La. 844, 851, 51 So. 1010, 1013 (1910) (the court held that the act in question repeals only inconsistent laws and these laws are not so irreconcilably different as to be inconsistent).

The trial judge held, quoting *Conroy, supra,* that Section 16 of the Public Works Act " 'plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the Legislature, and to prescribe the only rules with respect thereto.' " This interpretation is supported by the statutory collators. *See* La.Civ.Code Ann. art. 2772 (West 1952) ("The provisions of article 2272 through article 2277 inclusive have been impliedly repealed by R.S. 9:4801–9:4817 (Acts 1926, No. 298; Acts 1946, No. 281), which constitute the Mechanics' and Materialmen's Privilege Act for private works."); Civil Code of Louisiana and Ancillaries art. 2772 (R. Slovenko ed. 1981) ("R.S. 9:4801–4817 (impliedly repeal C.C. 2772–2777)."). Despite the extensive reported litigation involving efforts to collect debts arising from building projects, we could find no Louisiana cases since 1926 calling on the courts to enforce article 2772.

 In diversity cases, when no state court decisions are available, the opinion of a federal judge sitting in the state whose law is to be applied is accorded special deference. "His judgment of where the dimly lit *Erie* path leads is as good as ours would be. We therefore give great weight to the determination of state law by the Trial Judge sitting in the state and familiar with local law and its trends." *Peacock v. Retail Credit Co.,* 429 F.2d 31, 32 (5th Cir. 1970), *cert. denied,* 401 U.S. 938, 91 S.Ct. 927, 28 L.Ed.2d 217 (1971), and cases cited therein. *Accord, Avery v. Maremont Corp.,* 628 F.2d 441, 446 (5th Cir. 1980) ("where the state law is uncertain, we are hesitant to second guess the federal district court judge"); *Green v. Amerada-Hess Corp.,* 612 F.2d 212, 214 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980). Robertshaw has cited no Louisiana authority that would impugn the district judge's judgment and we see no logical flaw in his reasoning.

For these reasons, the judgment is AFFIRMED.