LAND, J.
This is a jactitation, suit, which was converted into a petitory action by the answer of the defendants. The question raised by the pleadings is whether the plaintiff or the defendants hold the legal title to a tract of land in the parish of Orleans, known as Brazilier’s Island, containing about 2,500 acres.
Plaintiff claims through mesne conveyances from the state of Louisiana, and the state claimed from the United States by virtue of her selection and approval thereof under the swamp land grant of 1849. Defendants claim the property as the direct heirs and lineal descendants of Juan Baptista Brazilier, the original settler under the Frenen ana Spanish governments, and of the “heirs of Brazilier,” whose claim was confirmed by act of Congress in the year 1820.
There was judgment in favor of the defendants, and the plaintiff appealed.
[1] We have examined the respective titles of the litigants, and find the following state of facts:
On November 20, 1816, the claim of the heirs of Brazilier to a tract of land situated near Chef Menteur, in the Lake Pontchartrain, was reported for confirmation for a quantity not exceeding 2,000 acres, and was duly confirmed by act of Congress of May 11, 1820. In 1851-1853 the tract was regularly surveyed, and the claim, of the heirs of Bra *529 zilier was located so as to embrace tbe whole oí Brazilier’s Island. In December, 1907, a formal United States patent issued to the heirs of Brazilier to the tract as thus surveyed and located. Defendants are the descendants of the heirs of Brazilier.
The plaintiff claims under a selection of unsurveyed swamp and overflowed lands in the township made by the state in the yep.r 1850 under act of Congress approved March 2, 1849 (9 Stat. 352, c. 87), “excepting- such as are rightfully claimed or owned by individuals.”
The selection thus made was in 1852 approved by the Acting Commissioner of the General Land Office. In 1869 the state patented the tract to the New Orleans, Mobile & Chattanooga Railway Company, and by several mesne conveyances the title derived from the state was finally vested in the plaintiff.
Section 2 of act of Congress of March 2," 1849, authorized the Secretary of the Treasury to approve state selections of swamp lands “so far as they are not claimed or held by individuals.” It follows, we think, that as the claim of the heirs of Brazilier to the. island had been confirmed by Congress many years before its selection by the state, such selection was made and approved subject-to the superior claim of the heirs of Brazilier. Plaintiff contends that the United States patent conveyed more land than was confirmed by the act of Congress.
[2] The claim of the heirs of Brazilier was to the whole island, and while it was reported for confirmation “for. a quantity not exceeding 2,000 acres,” it was surveyed and located as containing 2,426.50 acres, and the United States patent issued for that quantity.
Plaintiff’s counsel argue that defendants’ title is bad, because the 2,Q00 acres confirmed was never surveyed and located. The answer ls that the defendant’s claim has been surveyed, located, and patented for too much land, and the plaintiff is in the same situation. Under the circumstances, we think both parties should be nonsuited, as no final judgment can be rendered until said 2,000 acres are surveyed and located.
’ It is therefore ordered that the judgment below be reversed, and the .demands - of both parties be dismissed as in case of nonsuit; costs of appeal 'to be paid by appellee, and the costs of the district court by the original plaintiff.'