ST. PAUL, J.
The case is thus stated and disposed of by the district judge, whose opinion we adopt:
“This is an action in jactitation converted into a petitory action. The land involved is the fractional S. E. %, sec. 15, tp. 12 N., of R. 11 W., De Soto parish, containing 29 acres, more or less, lying within the original bed of Red or Dolet bayou.
“The claim- of defendant is based upon a patent issued by the state-of Louisiana on August 25, 1917, being patent No. 19653, made to defendant himself, who contends that the state acquired said property, either as a bed of navigable stream at the date of the admission of the state into the Union, or by virtue of the swamp land grant made by the act of Congress March 2, 1849.
“The evidence shows that the land in controversy has been in the possession of plaintiffs and their authors in title for more than 30 years; the tract having been under fence and in cultivation continuously more than that period of time, the same having been long a part of what was known as the Hardenburg plantation, afterward known as the Sunrise plantation.
 “There is nothing in the record to show that Red' or Dolet bayou was ever a navigaable stream, but the record does show that the Dolet heirs in 1824 were claiming the land in dispute under Spanish grant to one Dolet in 1779, and that when the survey of the Dolet claim was made tíy J. L. Bradford, deputy Unit *361 ed States surveyor, in about 1880, the lands in dispute were embraced within the Dqlet claim. This being true, the state could not have acquired any title to said tract under the swamp land grant of March 2, 1849. By that act the state only acquired such lands as were not claimed or held by individuals. See act of Congress March 2, 1849, printed at page 1717, Wolfe’s Constitution and Statutes of Louisiana; also L. & N. Railroad v. Penn, 137 La. 527, 68 South. 859. The fact that the land in question was subject to overflow at the date of the passage of the swamp land grant of Congress in 1849 does not change the situation in the least, for iti is shown that at that time the Dolet heirs were laying claim to the tract.
 "In the opinion of the court, defendant has therefore failed to show title ever passed from the United States to the state for the land in controversy, and has also failed to show that title to said land passed to the state as being the bed of a navigable stream at the date of the admission of the state into the Union. In view of the fact that the land in question was claimed by the Dolet heir,s at the date of the passage by Congress of the swamp land grant of 1849, and the fact that defendant has alleged that the state acquired said land, either under the swamp land grant of 1849 or as having been the bed of a navigable stream at the date of the admission of the state into the Union. It devolved upon defendant to prove that the title to said land rested in the state by reason of being the bed of a navigable stream at the time of the admission of the state into the Union. In other words, the burden was upon defendant to prove that Red or Dolet bayou was a navigable stream at the date of the admission of the state of Louisiana into the Union, which burden he has failed to sustain. Burgin v. Simon, 135 La. 213.1 The title to said land never having vested in the state, the patent issued by the state to defendant cannot be held to support defendant’s title in a petitory action.
“However, if defendant had shown that title to said land vested in the state, he would be still confronted with Act No. 21 of 1886; the evidence showing conclusively that said land has been possessed and cultivated continuously as a part of the Hardenburg or Sunrise plantation, by plaintiffs and their authors in title, for more than 30 years. The Act No. 21 of 1886 provides that no purchase or entry of any public lands belonging to the state of Louisiana shall be allowed when previously thereto such lands have been possessed or improved or cultivated by any person holding or claiming adversely to the party -seeking to purchase or enter same. It is clear that the said act of 1886 is a prohibitory law, and all acts done in contravention of prohibitory law are null and void. The provisions of said act cover this case. The patent issued by the state to defendant, on which he rests his claim, is therefore null and void.
“In the opinion of the court, the cabe is with plaintiffs, and there will be judgment accordingly.”
I.
The point is made that -plaintiffs are mere trespassers on the land and therefore without right to question the patent issued by the state; but we do not find this to be the case^
The lands in controversy have been inclosed and cultivated as part of what was once the Hardenburg plantation, later known as the Sunrise plantation. As said plantation was successively sold, the vendors'delivered to the purchasers in each instance the physical possession of the lands in controversy as part of said plantation.
When Jenkins sold to plaintiffs in 1909, the deed shows that the intention was to sell “Sunrise place”; and the omission of this particular land from the detailed description of said Sunrise place was a mere inadvertence, as shown by the quitclaim afterwards given by Jenkins to plaintiff. Although said deed is subsequent to defendant’s patent, yet the fact remains that Jenkins had delivered the physical possession of the lands as part of Sunrise place to plaintiffs more than 10 years before, and such delivery gave an inchoate right, capable of being perfected in the' manner pointed out by C. C. 2275.
Decree.
The judgment appealed from is therefore afiirmed.