On Rehearing
SIMON, Justice.
This suit is brought under the provisions of LSA-C.C. Art. 823 to fix the boundary line between two contiguous estates. The validity of the respective written titles is not involved, for if it were, LSA-C.C. Art. 823 would be inapplicable.[1] It is conceded that the boundary line as called for in said respective titles is the ideal boundary and there exists no conflict in regard thereto. Plaintiff contends that the boundary should be fixed in accord with a survey made in 1953 of the subject property which discloses the proper dividing line separating these estates to be the section center line as called for by the respective titles; that plaintiff and defendants failed to amicably adjust their differences with* the consequence that the defendants herein are in possession of a strip of land belonging to petitioner comprising approximately two acres, forcing plaintiff to resort to this action in boundary. He prays that the boundary line be established in accordance with law.
Defendants assert that the boundary between their land and that of plaintiff has been long established by common consent or acquiescence in that in the year 1904 a fence was constructed which marked the limits of defendants’ possession and served as the boundary between their property and that of plaintiff’s author in title. Defendants further aver that this fence has existed as a visible and stationary boundary line since its construction in 1904 and that during that period of time to this date they have exercised all rights of possession and occupancy of the area so enclosed, and *465 accordingly plead the prescription of thirty years under LSA-C.C. Art. 852 and that of ten years under LSA-C.C. Art. 853.
Plaintiff and defendants are the present owners of adjacent properties situated in Section 14, Township 22 N., Range 15 W., Caddo Parish, plaintiff owning 30.75 acres in the SW/4 of SE/4 and defendants owning the adjacent land in the SE/4 of SW/4 of said section, their respective titles emanating from a common author, George W. Hale, who acquired the property in 1860 by patent from the United States Government. Following his death the property was conveyed in 1894 to Jacob R. Hale, who in 1903 sold a 40-acre tract therefrom to James Hawkins, the eastern boundary thereof being described as the center section line.
Following his acquisition James Hawkins caused it to be surveyed by J. M. Hale, who is referred to in the record as a surveyor and who was a brother of Jacob R. Hale, the then owner of plaintiff’s property. Hawkins and his son, James B. Hawkins, erected a fence on the boundary line between the two tracts as was fixed by J. M. Hale, the surveyor. It is conceded, however, that this survey was not conducted in compliance with our codal requirements and that the line so delineated by said survey encroached on the Jacob R. Hale property, now plaintiff’s property, thus diminishing it by two acres more or less. James B. Hawkins, who is now 69 years old, testified that the fence was erected by him and his father on the line as surveyed by Hale and was placed in its present location for the purpose of serving as a boundary line between the Hawkins and the Hale properties. This fence line lay east of the center section line 89.5 feet at its north end and 113 feet at its south end. Jacob R. Hale did not actually participate in erecting the fence and it is not shown that he expressly consented thereto. It is significant, however, that he and James Hawkins were brothers-in-law, owning adjoining properties, and that he was a member of the Hawkins household at the time the survey was made and the fence erected. Obviously he knew or should have known of the construction as well as of the location of the fence line. There is no evidence showing any objection or protest to the construction and maintenance of said fence line until the year 1953 when plaintiff complained of an existing error in the boundary line.
James Hawkins died in 1930 and the subject property was inherited by his two daughters, defendant Mrs. Agnes Hawkins Hemperley and Mrs. Ada M. Hawkins Stanberry. The latter sold her inherited interest to the co-defendant, Don C. Hemperley, in 1952.
The remaining portion of the property acquired in 1894 by Jacob R. Hale was sold to Albert L. Pitts on a date subsequent to the erection of the fence in 1904. Pitts transferred said property to Allen H. Stan- *467 berry iir 1925, who after living thereon for about fifteen years and occupying and possessing same up to the fence line established by defendants’ author in title, sold his acquisition to the plaintiff Sessum by deed dated March 12, 1940.
The defendants contend that no survey is necessary for the reason that the boundary between the contiguous properties has been established since 1904 by a well-defined and visible fence, erected and maintained by their author in title to the knowledge of plaintiff’s author in title, and that said fence line has been in existence and recognized as the boundary line between the contiguous properties for more than thirty years.
The trial judge found as a conclusive fact that a visible, physical boundary,. separating the property of plaintiff and defendants, namely a fence, was erected by defendants or their authors in 1904, more than thirty years prior to the filing of this suit; that this fence was maintained to the present date; and that the defendants herein peaceably and publicly possessed the land enclosed within said fence line. Whereupon, in applying the provisions of LSA-C.C. Art. 852 the trial judge said: “ * * * where there is a visible boundary which has been in existence for thirty years or more, and defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription will be sustained as a barrier to the action in boundary.”
The foregoing is an eminent statement of the law. In his written opinion the trial judge recognized that the burden of proof rested upon the defendants to prove such facts as were necessary to support the prescription of thirty years. However, the trial court held that the very first fact that must be proved in order to justify a court in recognizing a fence or other visible artificial boundary over the ideal one is that such fence or other visible boundary was erected and maintained as the result of the mutual consent of the respective owners that it would serve as the boundary marking the limits of their respective estates. The trial court, having failed to find proof of the mutual consent of the parties, overruled defendants’ plea of thirty years prescription and thereupon recognized and decreed the boundary line between the two estates to be that as fixed by the official plat of survey made by the appointed court surveyor.
On appeal, the Court of Appeal, Second Circuit, in a review of the evidence, said [83 So.2d 550]:
“ * * * the conclusion is irresistible that James M. Hawkins and his son, J. B. Hawkins, erected in 1904 the fence on a line and at a location as surveyed by J. M. Hale as the boundary *469 between the present properties of plaintiff and defendants. This fence was in existence from the date of its construction until the trial of this suit in 1953, or for a period of time considerably exceeding 30 years. The fence was generally considered in the vicinity as a boundary fence. While it was erected as a barrier to roaming livestock, its location was determined by a survey of a line between said properties. It was constructed as a boundary fence, recognized and maintained as such for more than 30 years. The owners of the property adjacent to said line and/or their predecessors in title and in possession, possessed as owners the lands to said fence.
“The plats of the surveys made by Dutton in 1952 and by Wilkerson, as the court appointed surveyor, show the existence and location of this fence, which, in a measure, corroborate defendants’ position. As we view the matter, in the light of the positive evidence as to the year in which the fence was constructed, the physical fact of the fence wire being grown and imbedded in trees at a much later date is a matter of little consequence and loses much of its weight and fails to carry the convincing and persuasive force contended by plaintiff.
“For instance, it would well be that where a fence is not completely maintained and kept in repair, as contended here, after the construction of the fence, the fence ‘row’ was permitted to ‘grow up’, which growth in time would take on the size of small trees to which, in the repair of the fence in later years, its wires may have been nailed or stapled. The age of the trees would serve as no indication of the age of the fence. In the absence of proof that the fence, when originally constructed, was attached to the trees, the positive testimony of those who assisted in its erection and construction and of other eyewitnesses has not been disproved or overcome.
“We are, therefore, of the opinion that defendants have sufficiently and adequately borne their burden of proof in establishing the facts necessary to support their plea of prescription which rested upon them, Sattler v. Pellichino, La.App., 71 So.2d 689; Hester v. Smith, La.App., 72 So.2d 549, * * *”
Accordingly, the Court of Appeal, Second Circuit, reversed and annulled the judgment of the trial court and sustained the plea of thirty years prescription filed by defendants, recognizing the boundary line between the estates herein as that established by the fence line constructed in and existing since 1904. On rehearing the said appellate court reversed its original findings of law and affirmed the judgment of the trial court, holding in effect that a visi *471 ble boundary, concededly in existence for thirty years or more, cannot serve as the true boundary under the prescriptive period of thirty years unless such artificial boundary is erected and maintained with.the mutual consent of the respective adjacent owners for the purpose of serving as a boundary marking the limits of their respective estates.
After a thorough review of the record, though we find some conflict in the testimony of some of the witnesses, which is not unusual in matters having their incipiency more than half a century ago, we are in full accord with the findings and conclusions of fact reached by the two lower courts. We necessarily conclude, as they did, that the record preponderately establishes that the fence line in question was constructed in 1904 by defendants’ authors in title, separating the present properties of plaintiff and defendants; that it was maintained as a visible existing boundary between said estates ; and, that the area of land comprising approximately two acres beyond defendant’s title enclosed within said fence line was actually and publicly possessed by said defendants for a period in excess of thirty years.
It is fundamental that resort to an action in boundary has for its objective the physical separation of one estate from another and to thereby mark the limits of each by visible bounds. LSA-C.C. Art. 826. .The object sought to be attained may be accomplished either judicially or extra judicially. LSA-C.C. Art. 832.
An action in boundary may be resorted to when any one of the following three situations exists: (1) where a boundary line has never been established to separate the contiguous estates; (2) where although once established or the estates separated, the physical bounds have been completely eradicated; and (3) where there has been an incorrect fixing of the boundaries. LSA-C.C. Arts. 823, 853.
In the first instance, where the boundary lines have never been established or the estates separated, it is well settled that under LSA-C.C. Art. 845 the boundaries must be fixed according to the respective titles of the parties, and in the absence of titles on both sides, possession governs. In the second instance, where the boundaries have once been fixed and have become eradicated, such boundaries must be replaced as they formerly stood. Zeringue v. Harang’s Administrator, 17 La. 349; Opdenwyer v. Brown, 155 La. 617, 99 So. 482. In the third instance, where boundaries have been incorrectly fixed, the cause of action is to rectify or correct boundaries established in error. Williams v. Bernstein, 51 La.Ann. 115, 124-125, 25 So. 411. It is well settled that in the first and second instances the action is imprescriptible, the theory being that every land owner is entitled to have his land separated from ad *473 joining lands, its limits ascertained and fixed. LSA-C.C. Art. 825.
In the third instance, where there exists actual visible bounds which have been extra judicially placed incorrectly or fixed by the consent of or the active acquiescence of the adjacent land owners, an action in either case to rectify an alleged error in the location of the boundary line must be instituted within ten years under the penalty of being prescribed. LSA-C.C. Art. 853. The consent as to visible bounds made essential under said article to form the basis of ten year prescription must be more than a passive acceptance; it must be an affirmative recognition by both parties. Blanchard v. Monrose, 12 La.App. 503, 125 So. 891.
The mere erection of a fence or a hedge as a boundary, without the consent of the adjoining land owner, will not serve as the basis for ten year prescription, for this is said to be mere occupancy, and not adverse possession as required by LSA-C.C. Art. 853. Williams v. Bernstein, supra. Further, when boundary lines are fixed judicially, the fixing thereof becomes a part of and is merged in the judgment which, saving attacks on the ground of fraud made within one year, becomes res judicata.
LSA-C.C. Art. 852 says: “Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
Under the provisions of LSA-C.C. Art. 852 it is observed that one who has maintained uninterrupted possession of property within existing visible bounds during thirty years may retain the quantity so possessed by him though it be beyond and more than called for by his title. This is the possession that is essential to bring this article into operation, irrespective of the good or bad faith on the part of the possessor. There is nothing in thecprovisions of LSA-C.C. Art. 852 which demands the element of mutual consent of the parties. Its provisions clearly provide that possession of surplus land beyond one’s title shall entitle him to retain the same once his possession has continued uninterrupted within visible bounds for a period of thirty years. Beene v. Pardue, La.App. 1955, 79 So.2d 356; Sattler v. Pellichino, La.App.1954, 71 So.2d 689; Adams v. Etheredge, La.App.1954, 70 So.2d 388; Duplantis v. Locascio, La.App. 1953, 67 So.2d 125 ; Tate v. Cutrer, La.App. 1951, 53 So.2d 285; Picou v. Curole, La. *475 App.1950, 44 So.2d 354; Latiolais v. Robert, La.App.1942, 8 So.2d 347.
In the case of Broussard v. Guidry, 127 La. 708, 53 So. 964, 967, this Court maintained a boundary which had stood undisturbed for more than thirty years, although said boundary did not correspond with the original survey and the defendant had in her possession 90 acres more than her titles called for, while plaintiff lacked more than 80 acres than his titles called for. We said: “Defendant and her authors having had possession, we maintain the prescription of 30 years.”
In Wemple v. Albritton, 154 La. 359, 97 So. 489, we held, in effect, that in the sale and delivery of a plantation having visible bounds and having been in the possession of plaintiffs and their authors for more than thirty years, the physical boundaries shall prevail over ideal bounds given in the deed of sale, and held’distinctly that the purchaser succeeded to the possession of his vendor to the full extent of the property delivered under the deed.
In the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, after reviewing many authorities we recognized that boundaries long established should not be disturbed. We further held that the holder of the junior title may retain any quantity of land beyond his title which he or those under whom he holds may have possessed for thirty years.
Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.
In sustaining the plea of thirty years prescription invoked by the defendants there is no need for us to inquire into the merits of their plea of ten years prescription under LSA-C.C. Art. 853.
Accordingly, for the reasons assigned, the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the *477 district court, is reversed, annulled and set aside and it is now ordered, adjudged and decreed that defendants’ plea of thirty years prescription be and the same is hereby sustained and, accordingly, the boundary between the estates of William R. Sessum, on the one hand, and of Don C. Hemperley and Mrs. Agnes Hawkins Hemperley, on the other, be and it is hereby fixed and established as along the fence line now existing between said estates and as was established and marked by the erection of said fence in 1904 and beginning at a point 89.5 feet east of the northwest corner of the SW/4 of SE/4, Section 14, Township 22 North, Range 15 West, Louisiana Meridian, Caddo Parish, Louisiana, and extending and running in a southerly direction to a point on the north boundary of the road traversing said land 113 feet east of the west boundary of the said SW/4 of SE/4.
It is further ordered, adjudged and decreed that the costs of these proceedings be taxed against the plaintiff-appellee.

. Foscue v. Mitchell, 190 La. 758, 182 So. 740, 745.