Statement of the Case.
MONROE, J.
On April 12, 1907, plaintiff entered into a contract with the Concrete Construction & Contracting Company (of which the defendant McCoy was practically owner), whereby he agreed to advance the money required for the execution, by that company, of six drainage and paving contracts, to he awarded to it by the city of New Orleans, and whereby the company, in consideration of such advances, agreed to allow him one-half of the net profits to be earned under the said contracts, and, in the meanwhile, and until there should be an auditing, to transfer to plaintiff said contracts and also the certificates to be issued by the city in settlement thereof; and there are other stipulations which need not be particularized at this time. On August 13, 1908, plaintiff brought this suit, complaining that defendant had failed and refused to transfer the contracts and certain of the certificates, to him, as agreed, and praying for writs of sequestration and injunction, for the seizure of certificates, which had been issued, and to restrain defendants from getting, from the city, others which were to be issued, and, further, praying for a mandatory injunction ordering defendant to transfer said contracts and certificates to him. Defendants answered, alleging that plaintiff had defaulted on the contract sued on, by failing to furnish the money as agreed, and in other ways, and praying, in reconvention, that the auditing of accounts, provided for in said contract, be ordered and be conducted under the supervision of the court. Upon the pleadings thus mentioned, the case was called for trial on January 6, 1909, and was, thereafter, heard, from time to time, until March 31st, during which period there were six witnesses examined on behalf of plaintiff, three of them being the president, the vice president, and general manager of the defendant company, who, under Act 126 of 1908, were examined “as under cross-examination”; three others were plaintiff’s witnesses, and the seventh was a witness for defendants, who was examined out of turn and before plaintiff had rested, on account of being about to leave the city. On the date last above mentioned (March 31st), plaintiff having completed the examination (“as upon cross-examination”) of defendant’s vice president, the following occurred:
“By Mr. ■ McConnell (attorney for plaintiff): That is all. By Mr. Ansley (attorney for defendants) : We will cross-examine the witness when we open our case, on redirect examination. By Mr. McConnell: With the reservation of our right to put rebutting testimony in the record, and evidence of that character, we rest here. By Mr. Flynn (attorney for defendants): Does that close the case, Mr. McConnell? By Mr. McConnell: 1 said: With the reservation of our right to put rebutting testimony in and evidence of that character. By the Court: There will be no opportunity for testimony in rebuttal to be offered. All the testimony offered by, and for, the plaintiff has been considered, and my opinion is that there should be judgment for defendants. In dispensing defendants from the necessity of producing evidence, and declaring the case closed, upon the declaration by counsel for plaintiff - that his side of the case be closed, I am actuated by the *1043 condition of the case and of the docket of the court. The case has been called for trial on 29 different days, and it has actually consumed 17 entire days in presenting plaintiff’s side, only. This has, necessarily, worked great hardship for all other litigants and numerous witnesses who had business before the court and who have been in attendance here. It has had the effect of crowding the docket and delaying other business before the court. It now becomes my duty, after having given to the plaintiff the fullest opportunity to present his case, to interrupt the trial and to relieve defendants from the necessity and expense of placing their 19 witnesses, who are summoned, and others who are not summoned, but who have been in attendance at court every day that the case was called for trial, upon the witness stand. It would, perhaps, take as much time for the defendants to present their side of the case as it has taken plaintiff to present his side of the case. As this additional testimony is altogether unnecessary, it would be wrong for the court to give any more time to the trial of this case, and to thus retard consideration of other business actually pending. Let the case be set down for argument on Monday, April 12th, at 11 o’clock a. m., and. in the meantime, let the testimony be filed.”
Thereafter plaintiff moved the court to reconsider the ruling so made, and the motion, after hearing, was denied. Plaintiff then applied to this court for a writ of mandamus to compel the judge a quo to proceed with the trial and to the hearing, at all events, of such testimony as he might desire to introduce in rebuttal of that given by defendants, “as upon cross-examination,” under the act of 1908; but it was held that the question was one which would be brought up by an appeal, and the mandamus was refused. It appears from the record that the case was then, on July 5, 1909, set down for argument, and that the trial judge, after hearing argument from counsel for plaintiff, took it under advisement, and some time later gave judgment, dissolving the writs of sequestration and injunction, dismissing plaintiff’s suit, at his cost, and in favor of defendants, on their reconventional demand, “directing that a full, final, and complete auditing and accounting of the contracts between plaintiff and defendants be had, and that Alexander Allison be appointed to audit said contracts and the accounts between the parties and make report to this court of his findings”; the order appointing the auditor “to remain suspended for 10 days after this judgment becomes final, in order that plaintiff (and defendants) may settle their differences without the further assistance of the court.” It was further decreed that plaintiff pay all costs. From the judgment so rendered, plaintiff prosecutes this suspensive and devolutive appeal. Defendants have neither appealed nor answered the appeal taken by the plaintiff.
Opinion.
The Code of Practice provides:
“Art. 477. When the plaintiff has closed his evidence, the defendant shall bring his witnesses and produce the proof in support of his defense; the plaintiff may then bring additional witnesses, or his former witnesses, to rebut the testimony adduced by the defendant, or to lessen (he weight of such testimony.”
“Art. 4S4. After all incidental questions shall have been decided, and both parties have produced their respective evidence, the argument commences; no witness then can be heard, nor proof introduced, except with the consent of all parties.”
Act 120 of 1908 reads, in part, as follows:
“Section 1. * * * That, in all causes pending and untried, or to be hereafter instituted, in any court of this state, the parties litigant shall be entitled to examine their opponent as under cross-examination, and, in such event, the parties thus examining opponents shall not be held as vouching for the credibility of the opponents so placed on the stand, or as estopped from impeaching, in any lawful way, the testimony given as herein provided for.”
The word “impeach,” as used in the statute thus quoted, and.as applied to the testimony to be elicited from opponent, includes all that would be meant if the word “rebut” were added, since, to impeach the testimony, of a witness, or to impeach a judgment, means to show that it is erroneous. Cye. vol. 21, p. 1737. We take it, therefore, that the plaintiff in the case at bar. having examined his opponents, “as under cross-examination,” had the same right to rebut the *1045 testimony 'thus elicited as though that testimony had been given by them as witnesses called on their own behalf, and, that being the case, the ruling of the judge a quo, in denying that right, ordering the ease to be set down for argument, and deciding it, without affording plaintiff an opportunity to offer such testimony in rebuttal, as, in his opinion, the occasion required, was erroneous. Beyond that, the defendants were allowed no opportunity to offer any evidence at all, and, though our learned Brother may be right in the conclusion reached by him, as predicated upon the evidence which he allowed to be adduced, it might happen that we would disagree with him (though we do not wish to be understood as intimating any opinion upon the subject, one way or the other), in which event the position of the defendants would be most unfortunate, since, in that event, they would be condemned without having fully presented the facts of their case. As the matter stands, the plaintiff was denied the right to introduce evidence which the law, in terms, gives him the right to introduce. He complained of the ruling so made, which (being interlocutory) is brought up for review by his appeal from the final judgment, and the drift of the argument, m the original brief filed on his behalf, is that the ease should be remanded, to be proceeded with, as a summary case, from the point at which that ruling was made. That course, we think, is authorized by the text of Code Prac. art. 906, which provides that, if the court shall think it impossible to pronounce definitely on a cause “either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.” And by Rev. St. § 1991, which provides that “injunction cases * * * shall be placed * * * on * * * the summary docket.” As, however, the defendants have neither appealed nor answered the appeal, nor, in any way, by pleading, complained of the ruling or judgment here made the subject of review, the costs of the appeal must be borne by them
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded to the district court, to be there proceeded with as a summary case, in accordance with law and with the views expressed in the foregoing opinion, from the point at which counsel for plain’tiff made the announcement:
“With the reservation of the right to put rebutting- testimony in the record, and evidence of that character, we rest here.”
The defendants to pay the costs of the appeal and the costs of the district court to await the final judgment.