(101 South. 120)

No. 26638.

McKEE, State Bank Com'r of Arkansas, v. GODWIN.

In re GODWIN.

(June 28, 1924.)

*(Syllabus by Editorial Staff.)*

Trial ⟺66—Error to refuse to allow defendant to put in additional testimony after cross-examination of plaintiff's witness.

Where one of plaintiff's witnesses left the state before cross-examination was completed, but was later brought back and cross-examination completed, *held* that, under Code Prac. arts. 476, 477, it was error to refuse to allow defendant to put in additional testimony because he had an opportunity prior to such cross-examination to do so and refused to accept it.

Action by Charles McKee, State Bank Commissioner of Arkansas, against C. H. Godwin. In the matter of defendant's application for writs of certiorari, prohibition, and mandamus. Writs made absolute.

Hudson, Potts, Bernstein & Sholars, of Monroe, for relator.

Stubbs, Theus, Grisham & Thompson, of Monroe, for respondent.

By the WHOLE COURT.

LECHE, J. Plaintiff in the above entitled and numbered cause seeks to recover judgment against defendant upon a note for $12,-750, together with 10 per cent. per annum interest thereon from date until paid. After due preliminary proceedings and after defendant had filed his answer, the case was fixed, in the Sixth judicial district court for the parish of Ouachita, at Monroe, La., and taken up for trial, on the 28th day of March, 1924.

Plaintiff offered as his first witness U. L. Meade, an attorney at law residing at El Dorado, Ark., whose direct examination being concluded, was tendered to defendant's counsel for cross-examination. After a few questions had been asked on cross-examination, the conduct of the witness was such as to compel the judge to ask counsel for plaintiff to withdraw the witness for the time being and to put another witness on the stand. The judge, in his answer to the present rule, says that during the course of the examination the witness was evasive and persisted in asking counsel questions and arguing with counsel; the witness avowed respect for the court's orders but would not obey them; his conduct became unbearable; and he seemed to be under the influence of either strong drink or an opiate. It being then about noon, the witness was withdrawn. After the noon recess, the judge was informed that the witness was either drunk or "doped," and that he had left for his home in Arkansas.

The judge further says in his answer:

"The other witnesses were called and examined by counsel for plaintiff and cross-examined by counsel for defendant. When counsel

for plaintiff rested his case, counsel for defendant declined to put on his witnesses until the witness Meade could be brought back for further cross-examination. Quite a lengthy discussion followed on the question as to whether the court should hold the case open until the witness Meade could be gotten back to Louisiana for further cross-examination. It was pointed out that all of the witnesses for both plaintiff and defendant, except the witness Meade, were then in court, and that practically all the plaintiff's witnesses resided in the state of Arkansas, one residing in the parish of Caddo, and that the attendance of these witnesses at another session of the court could not be had except with their consent, and that some of the witnesses refused to return. The nonresident witnesses had all been called and examined by counsel for plaintiff and cross-examined by counsel for defendant, but it was suggested that they might be needed in rebuttal after defendant had put on his case."

After much discussion it was suggested by the court that counsel for plaintiff try to get the witness Meade back to this state that counsel for defendant might complete his cross-examination. On a subsequent day, April 1, 1924, the witness Meade did return, and his cross-examination by counsel for defendant was concluded.

Thereupon counsel for defendant asked to have Mr. Allen Sholars, one of the counsel for defendant, sworn as a witness in behalf of the defendant. This was objected to by counsel for plaintiff, for the reason that the case was formally closed, except as to the cross-examination of the witness Meade.

The court sustained the objection "for the reason that on last Friday" March 28th, "when the other testimony had been taken, counsel for defendant was given opportunity to offer testimony and refused to offer it, and the court then and there ordered the case closed for the reasons as stated at that time." Defendant then again attempted to offer testimony to sustain his defense, but that also was objected to, and the objection was sustained by the court, whereupon notice was given of intention to apply for the writs which are presently being sought from this court.

According to article 476 of the Code of Practice, "on the day fixed for trial, the plaintiff shall open the cause, and produce his witnesses and the evidence in support of his demand," and under the terms of article 477, "when the plaintiff has closed his evidence, the defendant shall bring his witnesses, and produce the proof in support of his defense; the plaintiff may then bring additional witnesses, or his former witnesses, to rebut the testimony adduced by the defendant, or to lessen the weight of such testimony."

The right of a litigant to cross-examine a witness who has been examined in chief by his adversary, has never yet been questioned under our system of procedure in this state. That right is a necessary corollary to the fair and impartial administration of justice, and in fact it is not directly questioned in the present case, but the effect of the judge's ruling may be to materially abridge the same, if the exercise of it is delayed until after the whole case is closed.

The cross-examination by defendant, of the witness Meade, was as much a part of the plaintiff's evidence as was the examination in chief of that witness, under the terms of article 476 of the Code of Practice, and the defendant could not be compelled to submit his evidence under the provisions of article 477, until plaintiff had closed his evidence.

Our learned brother's answer is based upon an argument ab inconvenienti, to the effect that it would have been impossible for plaintiff to again produce his nonresident witnesses if it had become necessary for him to rebut the evidence of defendant. That might be true, but it did not justify him, in view of the cited articles of the Code of Practice, to compel defendant to produce his evidence before plaintiff had closed.

Wherefore it is ordered that the writs herein prayed for be made absolute, and it is further ordered that the respondent judge reopen the case and permit the introduction of all legal testimony that may be offered by the defendant, reserving to the plaintiff the right to offer evidence in rebuttal.