**No. 506**

**First Circuit**

---

**BLADES v. ZINSEL**

---

(June 28, 1929. Opinion and Decree.)

---

Mat J. Allen, of Amite, attorney for plaintiff, appellant.

W. H. McClendon, of Amite, attorney for defendant, appellee.

LECHE, J. The prayer of plaintiff's petition is that a judgment in a former suit between the above parties, of date April 19, 1928, putting defendant in possession of certain property, be decreed null and void, and that plaintiff be recognized as the true and lawful owner of said property and as such entitled to the possession thereof. Defendant first excepted that plaintiff's petition showed no cause of action, he then filed a plea of res adjudicata.

The plea of res adjudicata rests upon the attack on the judgment alleged as of date April 19, 1928. That judgment it is alleged, was rendered in a possessory action. Of course, a judgment in a possessory action need not be annulled or avoid-

ed before bringing a petitory action, nor can it stand as the thing adjudged in a suit praying for the ownership of property, so that the prayer for annulment of the judgment and the plea of res adjudicata may be ignored.

Plaintiff's suit is purely petitory in character. Other exceptions, pleading the prescriptions of ten and thirty years were also filed, and finally defendant answered to the merits. These exceptions and the merits were tried at the same time. Judgment was rendered by the District Court, maintaining the plea of prescription of thirty years and plaintiff has appealed.

We notice in the copy of the minutes in the record, that on December 21, 1928, exceptions filed came on for hearing, were tried, submitted and sustained. But that must be an error, for the only judgment in the record and that forming the basis of this appeal is that signed on April 12, 1929.

The record shows that on trial of the case, the following notes appear at the close of the Clerk's report of the taking of evidence:

"By the Court: Your plea of prescription was referred to the merits of the case, and I am of the opinion that any time the Court is satisfied that the plea is good, I think I can maintain the plea and that is what I am going to do now. Therefore the plea of thirty years prescription is sustained at plaintiff's costs.

Mr. Allen (attorney for plaintiff): If the Court pleases, I object to that. The exceptions were referred to the merits, and we are entitled to finish the case and have judgment on the merits as well as the exception.

"Mr. McClendon (attorney for defendant): Hasn't the plaintiff closed?

"Mr. Allen: But not in rebuttal. I want-

ed to offer more testimony in rebuttal of the testimony offered by the defendant, and object to the Court closing the case and passing on the plea of prescription without passing on the merits.

."The Court: The Court will overrule the objection.

"Mr. Allen: We reserve a bill of exceptions to the ruling, and ask that we be permitted to offer certificates and attach them to the bill of exceptions and put them in the record."

The record does not contain any bill of exceptions with certificates or other documents attached.

It is not clear from the excerpt above copied from the note of evidence, whether plaintiff wished to produce evidence to rebut the testimony offered on the plea of prescription or whether he wished the trial Judge after ruling on the plea of prescription to also rule on the merits of the case. It is obvious that if the Judge believed that the plea of prescription should be maintained, there was no necessity of his expressing any opinion on the merits of the case. But it may be that plaintiff wished to offer testimony to rebut that upon which the plea of prescription was sought to be sustained and in that event plaintiff had the right to produce and offer such evidence.

See: C. P. 477.

McKee vs. Godwin, 156 La. 728, 101 So. 120.

Pratt vs. McCoy, 125 La. 1040, 52 So. 151.

In this hazy condition of the record, we believe that it is more consonant with the fair administration of justice, that the case be remanded. It is certain that the case had not been finally submitted to the Court by plaintiff.

For these reasons, the judgment on appeal is avoided and set aside, and it is further ordered that this cause be remanded to the District Court, to be taken up and proceeded with according to law and the views herein expressed, defendant to pay costs of appeal, other costs to be taxed on the termination of the suit.