No. 672

First Circuit

BLADES v. ZINSEL

(October 8, 1930. Opinion and Decree.)
(December 1, 1930. Rehearing Refused.)
(January 5, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Mat J. Allen, of Amite, attorney for plaintiff, appellant.

W. H. McClendon, of Amite, attorney for defendant, appellee.

LeBLANC, J. This is a petitory action in which the plaintiff, alleging himself to be the owner of a 10-acre tract of land in the N. E. ¼ of the S. E. ¼ of the N. W. ¼ of section 36, T. 6 S., R. 7. E., St. Helena meridian, situated in the parish of Tangipahoa, avers that the defendant has taken actual, physical possession of a narrow strip thereof on the west side of the old Hammond-Ponchatoula highway, measuring approximately 100 feet in width by the full length of the tract, running north and south. He avers further that the defendant has no title to the said strip of land, but has taken possession of same by virtue of a judgment of court rendered on April 19, 1928, in a possessory suit brought by the defendant against him. The prayer of the petition is to have the judgment in the possessory action under which defendant has taken possession declared null, void, and of no effect, and also for judgment decreeing him to be the owner of the strip of land, and, as such, entitled to its possession, and ordering the defendant to deliver possession to him.

The principal defense is a plea of thirty years prescription, which the trial judge referred to the merits.

During the trial of the case, the plea was sustained, and judgment rendered in favor of defendant accordingly. On appeal to this court (Blades v. Zinsel, 11 La. App. 244, 123 So. 405), the case was remanded for the purpose of permitting the plaintiff to offer rebuttal testimony, which right had been denied him by the trial court.

At this second trial, the case was submitted on the testimony taken previously as well as the rebuttal testimony offered by plaintiff, and judgment was again rendered maintaining the plea of prescription, whereupon the plaintiff appealed again.

We are of the opinion that the judgment of the lower court is incorrect. The trial judge erred in holding that the defendant had shown by sufficient evidence a continuous, uninterrupted possession which is necessary to acquire under the thirty years' prescription. Moreover, even if it be conceded that there has been adverse possession for thirty years, it is plain from the testimony, that the defendant necessarily has to add to his possession that of his vendor and authors in title to make the required composite, and this he cannot do under the law.

The preponderance of the testimony, as we view it, is to the effect that the defendant, by verbal acknowledgment and by several of his actions, recognized the ownership of the plaintiff and of his brother William Blades, at one time a co-owner of this strip of land, and permitted acts on their part and later on the part of plaintiff alone, which interrupted the possession he pleads.

According to the testimony of both plaintiff and his brother, one of the defendant's first acts in regard to the land after they had purchased it, was to acknowledge to them their ownership. It appears from the evidence that one day he was taking dirt from the land and hauling it away to some part of his property. After ascertain-

ing that he was on their land, plaintiff and his brother protested to him, and he readily stopped and confessed the fact that he knew he was on their land. The offer of their deed in the record shows that they acquired it in January, 1922. Later on, in conversation with the plaintiff relative to the correct line on the western side of the property, he himself showed plaintiff an iron stake on the northwest corner of the strip which indicated the true·line, and again he verbally acknowledged to plaintiff the latter's ownership. It is not made clear if it was during this same conversation, but there is the testimony of his former wife, Mrs. Fournier, to the effect that she was present at a conversation between them, in the course of which defendant admitted that the strip of land was not his. This conversation took place, she says, before she and her husband separated, and that was in April, 1923.

These admissions and acknowledgments on the part of the defendant bring the case within the ruling announced in the syllabus and supported in the body of the decision in the case of City of New Orleans v. Joseph A. Shakspeare, 39 La. Ann. 1033, 3 So. 346:

"If it appears that the party who pleads the prescription of thirty years acknowledged, at any time before his possession covers a space of 30 years, that the title of ownership was in his opponent, his plea is defeated, and his alleged ownership is destroyed."

In that case, also, as in the present, the property in dispute had never been assessed in the name of the defendant, and he, like the present defendant, had never paid any taxes on it. In its opinion, the court mentioned that as an additional fact which supported its conclusion that the plea of prescription of thirty years was not sustained by the evidence.

We think that the plaintiff has shown also that the possession which the defendant in this case had of the strip of land, for the time that he actually did hold it, was by sufferance, and with the understanding that plaintiff could obtain possession at any time, and as a matter of fact did take possession not long after by building a barn on it. It was about at this time also that the defendant further recognized plaintiff's ownership by offering to buy the strip of land from him for $25. On this last point, the following may be quoted from the syllabus in the case of Davis v. Young, 36 La. Ann. 374, as significant:

"An offer to buy the land from one holding the adverse title, when not made for the purpose of acquiring an outstanding title and perfecting the title of the possessor, will defeat the plea."

In that case also there had been an offer to purchase the land in controversy, and the court used that as a consideration in applying a principle stated by some textwriter of the time, from which it quoted the following:

"If a party in possession of land offers to purchase it from the true owner, and the offer is made not merely to buy an outstanding or adverse claim, in order to quiet possession or to protect himself from litigation, the offer is a recognition of the owner's title and will stop the running of the statute."

The court then adds:

"This is in strict accordance with our own law on this subject. C. C. 3490, 3500."

The last article of the Civil Code cited,

article 3500, is the law which governs in cases of this kind. It relates to the prescription of thirty years, and provides that "the possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."

Article 3501 then provides how this possession, once acquired, may be preserved, if it has not been interrupted, and the examples given, are "external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes and other similar acts."

From the evidence, as we view it, defendant has not had the kind of possession required under article 3500, Rev. Civ. Code, and, if it be conceded that he did once acquire it, he has failed to preserve it under the conditions laid down under article 3501, Rev. Civ. Code.

Tested by these provisions of the law, therefore, his plea is bound to fall.

But, even if defendant's possession of the strip of land be regarded in its most favorable light, it could still avail him nothing under his plea of prescription. Under his own testimony, he took possession at the time of his purchase, which we learn from the offers of title made in the record was in September, 1913. He had possessed in his own name, therefore, at the time this suit was filed in November, 1928, only fifteen years. To make the required thirty years of possession, it would be necessary for him to add to his, that (assuming that they had possession) of Harang, who purchased from Korrigan in 1911, of Korrigan, who purchased from Longenecker in 1901, and of Longenecker, who purchased from Sentell in 1896. This, however, he cannot do. In order to claim the land under thirty years' prescription, the vendee cannot add his vendor's possession to his own, where there is no privity between him and his vendor in that respect. That proposition seems to be well settled under our jurisprudence, and was fully considered by this court in the comparatively recent case of Broussard v. Broussard, 8 La. App. 635. Pertinent decisions of the Supreme Court of the state are cited therein.

As already stated, we are of the opinion that the judgment of the lower court in this case is erroneous, and necessarily it has to be reversed.

For the foregoing reasons, it is therefore ordered that the judgment of the district court sustaining the plea of 30 years' prescription be now avoided, annulled, and reversed, and, it is further ordered, adjudged, and decreed, that there be judgment in favor of the plaintiff, Murphy J. Blades, and against the defendant, William Zinsel, recognizing the said Blades to be the true and lawful owner of the strip of land measuring approximately 100 feet in width, by the full length of 10 acres, being the westerly portion of the N. E. ¼ of the S. E. ¼ of the N. W. ¼ of section 36, township 6 south, range 7 east, St. Helena meridian, in the parish of Tangipahoa, state of Louisiana, and that as owner he is entitled to the full and undisturbed possession thereof, and it is further ordered that the said defendant, William Zinsel, deliver possession of the said strip of land to the said plaintiff, and, further, that the said defendant pay all costs of this proceeding.