## HAYS v. COCKERHAM. *
No. 5412.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

Robert H. Wimberly, of Arcadia, for appellant.

Goff & Goff, of Arcadia, for appellee.

*Rehearing denied April 1, 1937.

538

DREW, Judge.

This is a . petitory action in which plaintiff claims title to the S. ½ of the S. E. ¼ and the E. ½ of the N. E. ¼ of S. E. ¼, section 8, township 15 north, range 7 west, Bienville parish, La. He offered in evidence patent and deeds translative of property extending from the United States government down to him. The chain of title in plaintiff evidenced by the patent and deeds is perfect.

The defense set up to his claim is 30 years' prescription. Defendant does not claim ownership by virtue of any deed or other written instrument. She contends that the day after she and her husband married in 1893 they moved onto this place and have lived there as owners. This contention is admitted. Her husband died in January, 1935, before this suit was filed. She continues to live on the place.

Plaintiff acquired the land involved here in 1915, and contends and swears that for the year 1916 and each succeeding year through 1934 he rented the place to Ben Cockerham, defendant's husband, and the rent was paid to him in seed cotton for all the years, except 1934, when Ben paid $10 at one time and $5 at another, and died before he finished paying the rent. The balance was to have been paid in the spring of 1935.

Plaintiff is corroborated to some extent by two men who were tenants on his place. One testified he was present when the rent was paid for the year 1933, and the other when part of the rent was paid for 1934.

Defendant testified that no rent was ever paid or agreed to be paid by her husband, and three of her children and a son-in-law testified they did not know any rent was ever paid. Plaintiff testified that most years he would take his wagon, go to defendant's home, load on the seed cotton due for rent, and deliver it to his own home. Defendant and her children testified they never saw him do this.

The tax rolls for Bienville parish disclose that taxes for the years 1915 to 1935, inclusive, were paid on this land by plaintiff and it was assessed to him. The tax rolls failed to show that defendant or her husband were ever assessed with the land or ever paid taxes on it.

■ Defendant had actually occupied the land in question for 30 years on January 6, 1923, having moved on the place on January 6, 1893. In order for plaintiff to recover, he must show that prior to January 6, 1923, defendant or her husband recognized him as owner by renting the land in question from him, or by other acts. The only testimony on this point is given by plaintiff himself. The proof of rent paid for the years after 1923 would have no probative effect other than to strengthen plaintiff's testimony as to the payments before that date. It does strengthen his testimony because it is unreasonable to believe one would ever pay rent on land one claims as owner. If he paid rent in 1933 and 1934, which is established by the testimony, it is reasonable to believe rent was paid from 1916 to 1933, inclusive, as testified to by plaintiff.

■ Plaintiff bought the land in 1915 and has paid taxes on it every year since that time. It is located about a mile and one-half from his home place. He sold the timber on the land, and it was cut and removed in 1934 or 1935. It is difficult to believe he would have allowed the land to be occupied and cultivated without claiming rent for its use. According to plaintiff's testimony, he knew defendant and her husband had occupied the land since 1893, the year in which he moved into this neighborhood, and, unless he claimed ownership and required some recognition by them of his ownership, they would acquire the land by prescription.

We are forced to believe, as did the lower court, that plaintiff did rent the land and collect the rent from defendant's husband from the year 1915 to the year 1934, inclusive.

In 1914, plaintiff sold to defendant's husband 80 acres of land adjoining the tract in question, and the testimony offered by defendant shows that at that time plaintiff thought defendant's husband owned the land now in controversy. It was only natural that he should have thought so, for, when plaintiff moved into the neighborhood in 1893, defendant was living on the land and continued to live there. Until 1915, when plaintiff purchased the land, he had no reason to believe differently.

The lower court was of the opinion that defendant had not occupied and possessed the land as owner for a period of 30 years. We are of the same opinion.

There is testimony in the record by one of the attorneys as to statements made by defendant to him prior to the filing of this suit. The testimony was admitted over

objection. There are some serious charges made in regard to said testimony and, since we find it is unnecessary to consider it in determining the case, we prefer to pass it over. In doing so, we do not intend to imply that the testimony should not have been considered if it was necessary to a decision of the case.

We find no good reason for disturbing the finding of the lower court, and it is affirmed, with costs.