HARDY, Judge.
This is a petitory action in which plaintiff prays to be recognized as the true and lawful owner and as such entitled to the full and undisturbed possession of certain property described by metes and bounds in his petition and containing some nine acres, more or less. After trial there was judgment in favor of defendants sustaining their plea of thirty years prescription and rej ect-ing plaintiff’s demands, from which plaintiff has brought this appeal.
Plaintiff is the record owner of Lot 4 of the Hubbard Lands located in Section 24, Township 22 North, Range 16 West, Caddo Parish, Louisiana, containing 37 acres, more or less, by deed of conveyance from the heirs of Phanor and D. W. Breazeale dated May 12, 1950, and is also the record owner 'of a six-acre tract of land lying in Lot 2 of the Hubbard Lands, by virtue of deed from Jean Kidd Brown, et ux., dated November 16, 1950.
The acreage involved in this litigation, the .ownership of which is in dispute, constitutes a small portion of both Lots 2 and 4 of the Hubbard Lands, and admittedly defendants have been in possession of the property in dispute for a period of more than thirty years. We quote below the stipulation dictated into the record by counsel for plaintiff which delineates the only question which is before us for resolution:
“If the Court please, I would be willing to stipulate that Thomas, or the *386 Thomases, had had actual, physical possession of this property for a period of thirty years, in order to .get our thinking straight; we are assuming from the facts we have gathered that they have had possession for that length of time, and the whole point is not the physical possession of the defendant, hut that they engaged in a lease in 1936, as shown by deposition of Mrs. Breaz-zeale, which had the effect of interrupting any prescription by the defendants.
“I would be willing to stipulate further that the Thomases have had actual physical possession, however we do not admit, but expressly deny, that the actual physical possession did not constitute notorious, uninterrupted possession. This is our case. If possession is not interrupted, that is our case.”
Before this court counsel for plaintiff urges two propositions, first, that a lease transaction executed in -the year 1934 by the Breazeale heirs as lessors and defendant, J. D. Thomas, as lessee, 'effectively constituted an acknowledgment'by the said Thomas of the Breazeale’s ownership of the property in dispute and thereby interrupted the running of prescription under the provisions of Article 3520 of the LSA-Civil Code, which contention counsel supports by citation of Foscue v. Mitchell, 190 La. 758, 182 So. 740, and Blades v. Zinsel, 15 La.App. 104, 130 So. 139.
Secondly, counsel for plaintiff contends that the property located in Lot 2, which is here in dispute, was adjudicated to the State in 1913 for the nonpayment of taxes assessed in the name of G. I. Miller for the year Í912; that the property was not redeemed until 1936 and that, since defendant could not acquire title by prescription during the time title was vested in the State, such fact constituted an interruption of the continuity of defendant’s possession under the authority of Ward v. South Coast Corporation, 198 La. 433, 3 So.2d 689.
We think the law applicable to both of the above propositions is well established as contended by counsel for plaintiff and it follows, therefore, in the final analysis, that the determination of the proposition submitted must be controlled by the resolution of the factual issues in connection therewith, both of which appear to have been concluded by the trial judge adversely to plaintiff’s contentions.
The deed of conveyance from the heirs of Phanor and D. W. Breazeale to plaintiff was executed by Marie Breazeale, daughter and one of the heirs of Phanor Breazeale, deceased, acting under authority of a power of attorney. In March, 1953, prior to the institution of this suit, both plaintiff and his attorney addressed letters to Miss Marie Breazeale .at Natchitoches, Louisiana, inquiring about the execution of a lease from the Breazeales to J. D. Thomas. Miss Breazeale having removed her residence from Natchitoches to the City of New Orleans, the inquiries were forwarded to her there and under date of April 1, 1953, Miss Breazeale directed a letter to plaintiff’s attorney at Vivian, Louisiana, advising him that following her father’s death in April, 1934, she had a meeting with Mr. J. D. Thomas in Vivian, Louisiana, at which time she wrote up an agreement of lease covering the property. She further explained that she was unable to locate the written agreement among the papers she had brought to New Orleans. The above correspondence is incorporated in the record in connection with cross-interrogatories propounded to Miss Breazeale by counsel for defendant.
In her testimony, given by deposition in answer to interrogatories and cross-interrogatories, Miss Breazeale set forth an account of the lease transaction and specifically declared, in accordance with her recollection, that the lease embraced all of the property and was not restricted simply to a part thereof as contended by defendant. Miss Breazeale’s answers to the interrogatories are so convincing and her recollection of other circumstances so exactly accords with the facts otherwise established by the record that, in our opinion, her testimony is entitled to great weight. Particularly is this true by reason of the contrast with the uncertainty evidenced in the testimony of the defendant, J. D. Thomas, on *387 trial of the case, who first declared that he had not entered into a written agreement, but who later admitted the execution of- a written lease.
The material conflict between the testimony of Miss Breazeale and Mr. Thomas is found in the fact that the latter claims that the lease into which he entered with the Breazeales was limited to land in Lot 4 east of a certain fence, whereas Miss Breazeale testified that the lease included all of Lot 4. Substantiation ,of the accuracy of Miss Breazeale’s testimony is found in the fact that she was able to recite a description of the property and otherwise to evidence her clear recollection of the incidents and circumstances surrounding her meeting with Mr. Thomas and the execution of the lease. Inasmuch as Miss Breazeale herself drew the agreement of lease it must be concluded that she was in a better position to recall its provisions. It is further to be noted that Miss Breazeale repeatedly denied her knowledge of the existence of any fence on the property involved, and the record is convincing on the point that she had never personally been on the property. It reasonably follows, under such a circumstance, that if the lease had been limited to a portion of the property on the east side of a fence which she did not know to exist, she would be able-to recall such a fact.
Careful study leads us to the conclusion that the testimony of Miss Breazeale in connection with the incident of the lease agreement is clearer, more convincing, and, consequently, more reliable than that of the defendant. In our opinion plaintiff has successfully established the fact of the execution of a lease to all of Lot 4, and defendant has failed to establish by a preponderance of the evidence that the lease was restricted to a portion of the said lot. It follows that the execution of the lease must be regarded as an interruption of the prescription asserted by defendant.
As to the disputed property lying in Lot 2, there is no question as to the fact that it was adjudicated to the State, in whose ownership the title resulting therefrom remained for many years until redeemed. Under the authority of Ward v. -South■ ■Coast Corporation, supra, this fact clearly constituted an interruption of the prescription claimed by defendant.
In view of these findings of fact it is obvious that defendant has failed to establish his continuous and uninterrupted possession of the property in dispute over a period of thirty years and as a consequence the plea of prescription was improperly sustained.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiff, Elzie H. White, decreeing him to be the true and lawful owner of -the following described property:
Begin at the Southwest corner of the Hubbard Lands, thence 43° 45' East 69S.8 feet, thence North 828.4 feet to point in North line of Lot 2, Hubbard Lands, said point being the Northeast corner of Lot 14, Pine Acres Subdivision, thence .North 89° 15' East 144.4 feet, thence South 0° 45' West to point in South line of Lot 4, thence South 89° 15' West along South line of Lot 4 to place of beginning, all in Caddo Parish, Louisiana, in Section 24, Township 22 North, Range 16 West.
There is further judgment ordering defendants, Henry L. Thomas, John D. Thomas and J. Owen Thomas, to deliver' possession of the property described to the plaintiff.
There is further judgment in favor of plaintiff and ■ against the defendants, in solido, for all costs of this suit.