LOTTINGER, Judge.
This .is an action brought by William W. Jones to be declared-the owner of a parcel of property located' in Section 14j Township 2 South, Range 13 East, St. Helena Meridian.' . The Lower Court .granted a judgment for defendant,-and the petitioner has appealed. • ....
The petition alleges that petitioner, William W. Jones, is the owner and in possession of á certain piece of property containing 30 acres more or less. He further alleges that defendant, Gaylord Container Corporation, is slandering his title to said property by claiming to be the owner thereof under color of title recorded in the conveyance records of Washington Parish, and that defendant is further attempting to slander his title by attemping to enter and trespass upon the property by threatening to cut timber therefrom. Petitioner bases his. ownership of said property upon his continuous possession of same ,for a period in excess of thirty years, He. prays that, he be decreed the owner of said property, and that the Jitle- recorded in favor of defendant be erased from the conveyance records of Washington Parish.
Defendant answered denying thát petitioner has 'been in possession of the property for á period of--thirty years. It admits that petitioner' was in possession of a tract containing1 6.8 acres of land up until the- year 1951. ' Defendant denied that petitioner’s possession of the property *722 began in 1919 and -claimed that, prior to--1934, petitioner had never claimed possession of the property. Defendant claimed that in the year 1934 petitioner acknowledged that defendant was the owner of said land. Defendant further set forth its' chain of title, and alleged that it had cut timber ‘ from said land during the last three or four years. Defendant reconvened for the sum of $S60 as damages for pine and hardwood cut and removed from the property by the petitioner. - ’
The facts developed on trial of the casé show that the petitioner did actually ’cofi-struct a house'on the tract of land,-with-a fence surrounding 6.8 acres of the land, and lived on the property for a period of several years. However, during the year 1934, when the property was owned by Great Southern Lumber Company, an author in title of defendant, petitioner signed a lease agreement wherein the lumber company leased the property to petitioner for the sum of $1 per year, plus' the consideration that petitioner would not injure the property and would notify defendant should anyone trespass thereon. As to this lease agreement, the Lower Court stated as follows :
“This lease agreement, which is filed in the record and identified ás ‘D-l’ shows that the owner Great Southern Lumber Company, leased six'acres'of ’ land in the North half of the Northeast quarter of Section 14-2-13 to the'' plaintiff on February 20, 1934. At the time this document was sought to be introduced in evidence Counsel for plaintiff objected to it on the ground that in .defendant’s answer it was alleged this lease showed the recognition of defendant’s ownership, ahd sincé it showed a recognition of the defendant’s ownership and not the Great Southern Lumber Company, its predecessor in title, then said document was not admissible under thé pleadings. I admitted the document for the very-obvious reason that I considered it to have -been proper for the defendant to have shown, by any means whatsoever -.that at some..time during, the-thirty .years which plaintiff is claiming he possessed the- property, that he in truth .apd. in fact did not possess it. Counsel in brief argues there are certain alterations in this document, particularly the section which appears right under the red square on said document, which shows that originally the section was .written ‘24’ and there had been an erasure and the section is now designated as section ‘14.’ I, think Counsel is correct and from an examination of the document it is true that the ‘2’ was erased and a T’ inserted in lieu thereof, ' and apparently another ‘2’ was erased and a ‘4’ inserted in lieu thereof, but this does not mean that the alteration was made subsequent to the time the document was signed. The mistake certainly could have been made prior to the signing of the document, and I note even though this erasure was on there at the time of the trial, Counsel for plaintiff failed to question the witness R. W. Knight about said erasure. Counsel for plaintiff further claims that there has been an alteration in that part of the document where the land is described, and a half mark placed over a quarter mark; that is likewise true, but this alteration was likewise’on.the document at the time it was introduced in.'evidence and Counsel for plaintiff failed to question the witness R. W. Knight about this alteration. Plaintiff further- claims that the alteration shows that the pencil was different and the writing darker, but I do not believe it is justifiable to say’ the' pencil was different — it is true the writing is darker — but that was brought about as a result of the. erasure. I further note there is nothing wrong with the description relative ' to the six acres in the Northeast quarter of Section 14-2-13, and the fact that the North quarter was changed to the North half to my mind could make no material difference. ' After all, the only property this plaintiff claims he had possession of was in the Northeast *723 quarter of Section 14, and -I am quite sure whatever erasures appearing- in this document were placed there prior to the time the plaintiff William Jones signed it. I might add; that William Jones denied on the witness stand that he signed this document.”
Counsel -for’ -defe'ndant .introduced into evidence several documents, which were' admittedly signed by petitioner. The Lower Court compared the signatures on said documents with the signature .on the" léase agreement and found them to be the same. The signatures look the same -to us, and we feel, as did the Lower Court, that’the lease agreement -was signed - by petitioner.
The Lower Court further found that petitioner was not in • continuous possession of the property for the thirty year, period. For, a perio4 of one year he farmed 'for a man-named Talley. During 1931 he was-sent to the penitentiary for hog stealing where he served a 13 month term. Although he testified that his sister possessed the property - for him during his absences, he failed to produce any proof to substantiate his testimony. , petitioner had a wife and children who apparently knew the facts, yet he failed to have any of them testify. .
The' Lower Court found that the petitioner did not have continuous ánd uninterrupted possession of the property for a period of thirty' years, as is required by Articles" 852, 3499 and 3500 of the LS A— Civil Code.' We find no apparent error'in the holding of the Lower' Court, and the jugment below will be affirmed. "
The Lower Court dismissed the demand in recofivention as the defendant-has failed to prove damages. -Wé agree with the dismissal of the’Lower Court, and, furthermore, the' defendant has not answered the appeal praying for reconsideration of the reconventiónal demand.
For the .reasons assigned, the .judgment of the Lower. Court will be affirmed, all costs of this appeal to be paid-by .petitioner.
Judgment affirmed.'