TATE, Judge.
This is a petitory action. The Industrial' Lumber Company prays to be recognized as the owner of land in the possession of the-heirs of the late Mitchell Buxton, who> were made defendants, and who claim title-to the tract by virtue of thirty years’ adverse possession. The trial court rejected' defendants’ claim and recognized plaintiff’s-title, and defendants appeal.
The total tract in the defendants’ possession includes approximately sixteen acres-of land lying athwart the quarter-section, line dividing the Northeast and Northwest Quarters of a certain governmental section. Record title to this tract and the surrounding-acreage is held by Industrial Lumber, which-purchased it in 1915. The property has-been assessed to it alone, and the plaintiff company alone has paid the taxes on the property over the years.
Buxton, the decedent, lived on and possessed at least part of the disputed tract for some 45 years, from 1918 until he died in-1962. It was never assessed to him and he never paid taxes on it nor claimed a homestead exemption as to it.
Buxton’s heirs contend that Buxton had acquired title to some ten acres of the disputed tract by acquisitive prescription under LSA-Civil Code Article 3499, by reason of thirty years continuous public possession of the property “as owner”, LSA-C.C. Art. 3500.
However, prescriptive title cannot be acquired by those who possess for others and not in their own name, such as in the capacity of tenants. LSA-C.C. Art. 3510. Further, prescription ceases to run whenever the possessor acknowledges the title of the true owner. LSA-C.C. Art. 3520.
*409 The plaintiff Industrial, record owner of the tract, contends that prescriptive title never accrued in favor of Buxton’s possession because by some 14 leases executed by Burton over the years 1922 to 1958, he repeatedly acknowledged Industrial’s title to the property over the entire period of his possession, which was thus not as owner (as required by the Code) but merely as Industrial’s tenant.
The written leases did indeed have this effect. Jones v. Gaylord Container Corp., La.App. 1 Cir., 86 So.2d 721; White v. Thomas, La.App. 2 Cir., 85 So.2d 385. See also: Foscue v. Mitchell, 190 La. 758, 182 So. 740; Hays v. Cockerham, La.App. 2 Cir., 172 So. 537. The trial court correctly rejected defendants’ claim to prescriptive title on the holding that the defendants’ decedent’s possession was not as owner, and that the execution of the leases by the decedent repeatedly interrupted any running of prescription.
Counsel for defendants-appellants makes an exceedingly ingenious factual argument to the effect that the leases refer to land outside of the ten-acre home place (which home place the decedent allegedly purchased by oral sale from a previous possessor at the time he first went into possession some four years or so before the first or 1922 lease from Industrial). Therefore, it is contended, this ten-acre home place was always possessed as owner; and the leases, thus, did not acknowledge Industrial’s title to it, but merely referred to adjacent tracts subsequently fenced-in after the plaintiff’s initial possession as owner had commenced of the ten-acre home place itself.
Counsel contends that the leases refer only to (a) a 1.97-acre tract first enclosed beyond the original fenced ten-acre home tract, shortly after Buxton went into possession of the latter in 1922, and (b). a 3.74-acre tract west of the ten-acre place, additionally fenced in as variously estimated between 1937 and 1954.
The argument is not supported by the evidence. Originally the decedent Bux-ton had leased 4 acres “more or less”, located half in the Northeast Quarter and half in the Northwest Quarter. Subsequently the land occupied under lease was described as “approximately” 6 acres and then as “approximately” 10 acres, with each lease describing the land leased as lying in the Northeast and Northwest Quarters. The 3.74-acre and 1.97-acre parcels of land, with the exception of a very insubstantial portion of the latter, lie wholly within the Northwest Quarter. Both because of this circumstance and also because of the later dates of occupancy of these smaller tracts outside the original ten-acre holding, we agree with the trial court that the initial 1922 and following leases could not have pertained only to these two smaller parcels of land, and that the leases from 1922 through 1958 were intended by Industrial and Buxton to include all of Industrial’s acreage possessed by Buxton at the time each lease was executed.
For the foregoing reasons, we affirm the judgment of the district court recognizing plaintiff’s title to the land, at the cost of defendants-appellants.
Affirmed.