CHASEZ, Judge.
This appeal is from a judgment maintaining an exception of prescription.
Plaintiff Jerome E. Camus filed suit to recover $29,050, the cost of street improvements on his land, which defendants Per-rin R. Rittiner, George M. Rittiner and Blair G. Rittiner allegedly obligated themselves to install. The petition is vague in that it seems to allege the agreement was made as part of the purchase price received in selling property to the defendants, but it also indicates there was an independent oral agreement not part of the contract of sale under which defendants obligated themselves to construct the road.
In allegation 8 of plaintiff’s petition, it is stated:
“Defendant George M. Rittiner orally acknowledged and agreed with plaintiff from time to time prior to and after the August 3, 1956 act of sale, and after January 23, 1957 that he and his sons, defendants Perrin R. Rittiner and Blair G. Rittiner, were jointly and severally obligated in favor of plaintiff to install the street improvements at their expense promptly and as soon as practicable. Defendant George M. Rittiner’s acknowledgments and assurances to, and agreements with, plaintiff constitute a direct, personal and primary obligation in favor of plaintiff that he would install the street improvements at his entire expense promptly and as soon as practicable.”
While Allegation 8 hints at a separate agreement, Allegation 9 suggests that part of the consideration for the sale itself was construction of the road. It reads:
“Defendants’ agreement to install the street improvements at their expense promptly and as soon as practicable formed an essential part of the consideration for plaintiff’s sale to defendants of Lots A-2 and A-3. Plaintiff would not have sold this property to defendants unless they agreed to install the street improvements at their own expense promptly and as soon as practicable. Plaintiff relied to his detriment upon defendants’ oral and written acknowledgments and agreements to install the street improvements.” * * *
The agreement (or agreements) referred to in the petition were made in 1956 and the act of sale from plaintiff to defendants was passed August 3, 1956. Plaintiff attached to his petition a document signed by defendants Perrin R. Rittiner and Blair G. Rittiner dated January 23, 1957 which read as follows:
“We, PERRIN R. RITTINER and BLAIR G. RITTINER, both of age and residents of the City of New Orleans, State of Louisiana, do hereby agree that we will defray all costs in connection with the street improvements, including blacktopping, lying between Lot A-l and Lot A-2 and Lot A-3 of the original Tract “A” of the Fifth District of the City of New Orleans, fronting on Patterson Drive. It is understood that this work will be done just as soon as practicable.
S/PERRIN R. RITTINER S/BLAIR G. RITTINER”
The petition is vague and possibly contradictory in that it asserts the obligation came into being as partial consideration for the sale, or through a separate agreement. In the sale referred to, plaintiff sold defendant two lots in Algiers fronting on Patterson Road and continuing toward the Mississippi River. Plaintiff retained title to a 50 foot strip separating the lots, and to property extending from the rear of the lots transferred to the river. Thus plaintiff owned a T shaped tract after the sale.
Defendants pleaded the exceptions of prescription, no cause of action and vagueness. *157 After the exceptions were argued, the trial court maintained the plea of prescription of ten years and it was therefore unnecessary to rule on the other exceptions.
It is plaintiff’s contention that the document dated January 23, 1957 signed by Perrin Rittiner and Blair Rittiner was an acknowledgment of the original obligation that interrupted the running of prescription, thus in filing suit on January 20, 1967, plaintiff timely filed suit on the contract.
In view of the contradictory factual allegations outlined hereinabove, we shall consider plaintiff’s argument in the light of both possible contentions.
If plaintiff has alleged that construction of the street improvements was part of the consideration for the sale itself, it is our view prescription would not apply because plaintiff never had a claim that could have been lost by prescription. It is well established in our jurisprudence that a vendor cannot claim a greater consideration than that which he has assented to in an authentic act of sale. In the instant case, the property was transferred by authentic act, which recited the consideration as follows:
“This sale is made and accepted for and in consideration of the price and sum of FIVE THOUSAND AND NO/100 ($5000.00) DOLLARS, CASH which the said purchasers have well and truly paid, in ready and current money to the said vendor who hereby acknowledges the receipt thereof and grants full acquittance and discharge thereof.”
Nowhere in the act is there any indication that the installation of street improvements was part of the sale price. It clearly and unambiguously recites $5000 cash to be the full consideration for the transfer.
LSA-C.C. Art. 2236 provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
And LSA-C.C. Art. 2276 states:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
These codal articles were considered by the Supreme Court in reaching the following conclusion in Templet v. Babbitt, 198 La. 810, 5 So.2d 13, at p. 15:
“This court has repeatedly held that the recitals of an authentic act cannot be varied or contradicted by parol testimony; that, when a transfer of real property is evidenced by an authentic act which definitely and clearly recites that a certain specified consideration was given and received for the sale, the only method by which either party to the contract can show that no consideration, or a different consideration from the one specified, was given and received is (1) by means of a counter-letter or (2)by answers of the other party to interrogatories on facts and articles.”
Therefore, if plaintiff intended to state as a cause of action the defendants’ failure to perform its contract which formed part of the consideration for the sale of property, we conclude the plea of prescription is inapplicable because plaintiff never had a right that could have been lost by prescription.
The second possibility raised by the petition is that a separate agreement was entered into between the parties at approximately the time the sale was passed, but independent of the sale. While a reading of the petition as a whole seems to assert the street installation agreement was in fact part of the consideration for the sale, we are reluctant to dismiss plaintiff’s suit because the exceptions of vagueness and no cause of action have not been argued *158 and plaintiff has had no chance to amend to show a cause of action.
The document relied upon by plaintiff to interrupt prescription is not a contract in itself. It does not evidence any mutuality between the contracting parties in that no consideration is stated nor does it indicate to whom the signing parties, Perrin R. Rittiner and Blair G. Rittiner are obligated.
It is our view that this document might serve as a valid acknowledgment that would interrupt the running of prescription ; however, before plaintiff may avail himself of the acknowledgment, he must first allege and prove the confection of the original contract.
LSA-C.C. Article 3520 states:
“Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed.”
Because plaintiff’s petition may have been attempting to base a cause of action on a separate valid and enforceable agreement, independent of the act of sale, and that agreement, if any, was acknowledged in writing, we conclude that this matter should be remanded to permit plaintiff to amend his pleadings, if he can, to show the original obligation to install the road was not a part of the consideration for the sale. It is further incumbent on plaintiff to state what consideration defendants received for their alleged promise to install street improvements.
We reiterate, if plaintiff can only recite the street installation was part of the consideration for the sale of property to defendants, then plaintiff can state no cause of action.
With respect to defendant George Rittiner, we are of the opinion that the plea of prescription should be maintained as he .did not sign the document plaintiff relies .upon as the acknowledgment that interrupts prescription.
For the reasons assigned, the judgment appealed from is reversed insofar as it maintains the plea of prescription filed by Perrin Rittiner and Blair Rittiner and dismisses plaintiff’s suit as to those two defendants; affirmed insofar as it maintains the plea of prescription of George Rittiner, and remanded to permit plaintiff to amend his pleadings to allege, if he can, a cause of action consistent with the views expressed herein. Plaintiff is to pay the costs of his appeal and any costs incurred by George Rittiner. Defendants Perrin Rittiner and Blair Rittiner are to pay their own cost for this appeal.
Affirmed in part; reversed in part and remanded.