JONES, Judge.
Defendant appeals from a judgment enjoining him from operating a child day care center on Amelia Street in violation of plaintiffs zoning ordinance which zones defendant’s location as residential. The trial court rejected defendant’s plea of two years prescription because of his representations to his neighbors and to the city that his location on Amelia was temporary. The trial court further held defendant estopped from urging the prescriptive plea because of his failure to promptly advise the city when he changed his mind and decided to remain permanently on Amelia Street. LSA-R.S. 9:5625.[1] We affirm.
Defendant has owned and operated a day care center in the area for approximately ten years. Prior to February, 1972, defendant’s business was located in an area zoned commercial on Jewella Road. In early 1972 plaintiff purchased a portion of defendant’s Jewella Road property for street improvement. Following defendant’s sale he planned the construction of a new day care center on his remaining property located on Jewella. Defendant could not commence construction of the new building until plaintiff substantially completed the road work adjacent to defendant’s property.
Defendant acquired a temporary location for his center on Amelia Street in an area zoned residential. To facilitate the move the city aided defendant in his relocation by moving the playground equipment' to his temporary location. The city and defendant agreed the Amelia Street location was temporary and defendant would cease operating the center on Amelia and return to Jewella when the street project was substantially completed. Defendant believed he would be able to commence construction on his new building by summer, 1972. The Jewella Road project was not completed by the city until the summer of 1975, approximately 3V2 years after defendant moved his business to Amelia Street.
Between February, 1972 and summer, 1974, defendant acknowledged to plaintiff, his Amelia Street neighbors and the public that the location of the center on Amelia *1078 was temporary.[2] In July, 1975, one of defendant’s Amelia Street neighbors wrote a complaint letter to plaintiff asking why defendant had not been forced to move his center to Jewella since the street project was completed. Plaintiff’s zoning administrator, in response to the neighbor’s letter, wrote defendant on October 2 he was to commence construction of the building on Jewella as soon as possible. On October 15, defendant filed an application for a special exception permit to the residential zoning of his Amelia Street property. This application was the first indication to plaintiff that defendant intended to remain permanently not temporarily on Amelia Street.
The special exception permit for the day care center on Amelia Street was granted by the Zoning Board of Appeals, but subsequently denied by the City Council of Shreveport following appeal by the defendant’s neighbors. The council allowed defendant 90 days to submit plans for the new day care center on Jewella. Following defendant’s failure to submit plans for the new location plaintiff filed suit on September 9, 1976.
The only issue is has plaintiff’s cause of action to enjoin defendant’s operation of the day care center on Amelia in an area zoned residential prescribed by defendant having operated the center continuously since the Spring, 1972? LSA-R.S. 9:5625 provides an action by the city to enforce compliance with a zoning restriction must be brought within two years from the first act constituting the commission of the violation. The defendant has acknowledged on numerous occasions between February, 1972 and Summer, 1974 (see footnote 2 for acts of interruption) that he was only temporarily operating the day care center on Amelia Street and he intended to permanently move the center to its original location on Jewella when the city completed road work adjacent to the Jewella location. These acknowledgements, which consisted of firm declarations not to permanently violate plaintiff’s zoning regulations, interrupted the running of the two year prescription. See C.C. Art. 3520; Maddox v. Vanlangendonck, 334 So.2d 739 (La.App., 3d Cir. 1976); Camus v. Rittiner, 209 So.2d 155 (La.App., 4th Cir. 1968) and Industrial Lumber Company v. Greer, 170 So.2d 408 (La.App., 3d Cir. 1965).
Under these particular facts and circumstances, defendant recognized plaintiff’s right to enjoin him from violation of the residential zoning and further represented to plaintiff and his neighbors such action to enjoin was unnecessary because the location was temporary.
The evidence established defendant’s representations from February, 1972 to Summer, 1974 that the care day care center was temporarily located on Amelia were made in good faith. In January, 1975 defendant *1079 decided it was no longer feasible for him to build a new center on Jewella because of increased building costs due to inflation and new fire code requirements. For this reason he decided to permanently retain his day care operation on Amelia. He failed to notify his neighbors or plaintiff of his decision to permanently operate his day care center on Amelia in violation of the zoning ordinance.
While defendant’s numerous representations to his neighbors and plaintiff of the temporary status of his Amelia Street operation were all made in good faith, once he decided the location was permanent, he was under a duty to immediately disclose his change of plans to his neighbors and plaintiff. His failure to do so had the effect of making his former representations of “temporariness” misrepresentations. This inaction on the part of defendant was in bad faith and fraudulently led his neighbors and plaintiff to believe defendant continued in his intention to remove the day care center to Jewella at his earliest opportunity. Defendant’s inaction caused his neighbors and plaintiff to continue to refrain from enforcing the zoning restriction by injunction.
While prescription commenced to run following plaintiff’s last declaration of intention to remove the day care center to Jewella in Summer, 1974, and had run for a period of approximately six months as of January, 1975, same was suspended by defendant’s failure to disclose his decision in January to remain permanently on Amelia. Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App., 1st Cir. 1966); Tassin v. Allstate Insurance Company, 310 So.2d 680 (La.App., 4th Cir. 1975). The suspension of prescription remained in effect until defendant first advised plaintiff of his intention to remain permanently on Amelia by filing an application for special exception permit dated October 17, 1975, with the zoning administrator. This permit would give defendant the right to permanently operate the day care center in the area zoned residential. Following this October disclosure the suspension of prescription terminated and the remaining eighteen months of the prescriptive period commenced to run. Eleven months later, plaintiff filed suit on September 9, 1976, some seven months before plaintiff’s action would have prescribed.
For reasons assigned, the judgment is affirmed at defendant’s cost.

. “A. All actions civil or criminal, created by statute, ordinance or otherwise, except those actions created for the purpose of amortization or nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities or their instrumentalities or by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; . , .

. ACKNOWLEDGEMENTS OF DEFENDANT OF TEMPORARY STATUS OF AMELIA STREET LOCATION:
(a) Defendant hired a contractor to draw plans and construct the new center on Jewella; in July, 1972, defendant applied for but was refused a building permit for the new building because the old construction had not been torn down; (b) in April, 1973, defendant applied for a temporary building permit which was granted in June only after a city official advised the zoning administrator, who favored denial of the permit, to grant same because the location of the center was temporary; (c) in May, 1973 defendant assured at least two neighbors the location was temporary; one neighbor testified he was assured of the temporary status on numerous occasions. Both testified they would have sought to enjoin defendant initially had he not been so convincing as to the center’s temporary status; (d) in a letter to the city dated May 15, 1973, defendant again acknowledged the temporary status of the Amelia center and his intent to build on Jewella; (e) in June, 1973, while defendant was constructing a temporary classroom on skids, Mrs. M. E. Mitchell, a neighbor, strongly complained to city officials about the zoning violation. Following this complaint defendant, in order to placate the complainant, persuasively assured her the child care location was only temporary and the reason the building was constructed on skids was to facilitate its easy removal to the permanent day care center on Jewella; (f) defendant erected a sign on the Jewella property shortly after his move which read “SITE OF NEW BUILDING, HAPPY DAY NURSERY (with sketch of building). VISIT OUR TEMPORARY LOCATION 2401 AMELIA AVENUE”; this sign remained on the property two years until removed by defendant in the summer of 1974.